UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS    WESTERN DIVISION

-------------------------------------------------------------------------------

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS<br>LOCAL 98 ANNUITY FUND, PENSION FUND, HEALTH<br>AND WELFARE FUND AND JOINT TRAINING,<br>RETRAINING, SKILL IMPROVEMENT, SAFETY<br>EDUCATION, APPRENTICESHIP AND TRAINING FUND<br>by William Sullivan and David Cardimino, as Trustees;<br>INTERNATIONAL UNION OF OPERATING ENGINEERS<br>LOCAL NO. 98 AND EMPLOYERS COOPERATIVE TRUST,<br>by William Sullivan and David Cardimino, as Trustees; CENTRAL<br>PENSION FUND OF THE INTERNATIONAL UNION OF<br>OPERATING ENGINEERS AND PARTICIPATING<br>EMPLOYERS, by Michael R. Fanning, as Chief Executive<br>Officer; and INTERNATIONAL UNION OF OPERATING<br>ENGINEERS LOCAL 98, AFL-CIO, by David Cardimino, as<br>Business Manager,<br><br>                    Plaintiffs,<br><br>              v.<br><br>NITA, INC.,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **COMPLAINT**<br><br><br><br><br><br>    Civil Action No.<br>    04-30212-KPN |

-------------------------------------------------------------------------------

Plaintiffs, by their undersigned attorneys, Blitman & King LLP, complaining of the defendant,

respectfully allege as follows:

## I. JURISDICTION AND VENUE

1.      This is an action arising under the Employee Retirement Income Security Act of 1974

[hereinafter the "Act"] [29 U.S.C. §§ 1001 et seq.].  It is an action by fiduciaries of employee benefit

plans for monetary and injunctive relief to redress violations of Section 515 of the Act [29 U.S.C.

§ 1145].

2.      Jurisdiction is conferred on this Court by § 502 of the Act [29 U.S.C. § 1132], without respect to the amount in controversy or the citizenship of the parties, as provided in § 502(f) of the Act [29 U.S.C. § 1132(f)].

3.      Venue is established in this Court by § 502(e)(2) of the Act [29 U.S.C. § 1132(e)(2)]. It is an action brought in the district where some of the plans are administered.

4.      This is also an action arising under Section 301(a) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)]. It is a suit for, among other things, violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce as defined in the Labor-Management Relations Act of 1947, as amended [29 U.S.C. §§ 141 et seq.].

5.      Thus, jurisdiction is also conferred on this Court, without respect to the amount in controversy, pursuant to Section 301 of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)], and pursuant to 28 U.S.C. § 1337.


## II. DESCRIPTION OF THE PARTIES


6.      Plaintiffs William Sullivan and David Cardimino are Trustees of the International Union of Operating Engineers Local 98 Annuity Fund, Pension Fund, Health and Welfare Fund and Joint Training, Retraining, Skill Improvement, Safety Education, Apprenticeship and Training Fund [hereinafter "Annuity, Pension, Health and Welfare and Training Funds"]. Mr. Sullivan and Mr. Cardimino are fiduciaries of the Annuity, Pension, Health and Welfare and Training Funds as defined in § 3(14)(A) of the Act [29 U.S.C. § 1002(14)(A)]. The Annuity, Pension, Health and Welfare and Training Funds are administered at Two Center Square, P.O. Box 217, East Longmeadow, Massachusetts 01028.

2

7.    Plaintiffs William Sullivan and David Cardimino are Trustees of the International Union of Operating Engineers Local No. 98 and Employers Cooperative Trust [hereinafter "Local 98 E.C.T."] Mr. Sullivan and Mr. Cardimino are fiduciaries of the Local 98 E.C.T. as defined in § 3(14)(A) of the Act [29 U.S.C. § 1002(14)(A)]. The Local 98 E.C.T. is administered at Two Center Square, P.O. Box 217, East Longmeadow, Massachusetts 01028.

8.    Plaintiff Michael R. Fanning is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers [hereinafter "Central Pension Fund"]. Mr. Fanning is a fiduciary of the Central Pension Fund, as defined in § 3(14)(A) of the Act [29 U.S.C. § 1002(14)(A)]. The Central Pension Fund maintains an office and principal place of business at 4115 Chesapeake Street, N.W., Washington, D.C. 20016.

9.    The Annuity, Pension, Health and Welfare and Training Funds, the Local 98 E.C.T. and the Central Pension Fund [hereinafter collectively referred to as "Funds"], established pursuant to collective bargaining agreements, are multi-employer plans as defined in § 3(37) of the Act [29 U.S.C. § 1002(37)], and are employee benefit plans, as described in § 3(3) of the Act [29 U.S.C. § 1002(3)].

10.    Plaintiff David Cardimino is also the Business Manager of the International Union of Operating Engineers Local 98, AFL-CIO [hereinafter "Union"]. The Union is an unincorporated association maintaining its principal offices at Two Center Square, P.O. Box 217, East Longmeadow, Massachusetts 01028 and is a labor organization in an industry affecting commerce, within the meaning of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 141, et seq.].

11.    Upon information and belief, defendant Nita, Inc. [hereinafter "defendant" or "Nita"] is a corporation incorporated under the laws of the State of Massachusetts, having its principal place of business and offices located at 143 Shaker Road, East Longmeadow, Massachusetts 01028-0370.

12.    The defendant is an employer in an industry affecting commerce, all as defined in

§ 3(5)(11) and (12) of the Act [29 U.S.C. § 1002(5)(11) and (12)].  The defendant is also an employer of

employees covered by employee benefit plans and multiemployer plans maintained pursuant to collective

bargaining agreements, all as defined in § 3(3) and (37) of the Act [29 U.S.C. § 1002(3) and (37)] and is

obligated to make contributions to the Funds in accordance with § 515 of the Act [29 U.S.C. § 1145].

13.    Defendant is a party in interest with respect to the Funds as defined in § 3(14)(H) of the

Act [29 U.S.C. § 1002(14)(H)] and acts directly as employer and/or indirectly in the interests of the

employer in relation to the Plans, all as defined in § 3(5) of the Act [29 U.S.C. § 1002(5)].

### III.  FIRST CAUSE OF ACTION

14.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1"

through "13" inclusive of this Complaint as if set forth fully at this point.

15.    Section 515 of the Act [29 U.S.C. § 1145] provides that:

> Every employer who is obligated to make contributions to a
> multiemployer plan under the terms of the plan or under the
> terms of a collectively bargained agreement shall, to the
> extent not inconsistent with law, make such contributions in
> accordance with the terms and conditions of such plan or
> such agreement.

16.    At all times relevant herein, defendant Nita, Inc. was party to a collective bargaining

agreement with International Union of Operating Engineers Local 98, AFL-CIO [hereinafter

"Agreement"].

17.    Pursuant to the Agreement, defendant is bound by the terms and conditions, rules and

regulations of the Agreement and Declaration of Trust of the International Union of Operating Engineers

Local 98 Annuity Fund, the Restated Agreement and Declaration of Trust of the International Union of

4

Operating Engineers Local 98 Pension Fund, the Restated Agreement and Declaration of Trust of the

International Union of Operating Engineers Local 98 Health and Welfare Fund, the Restated Agreement

and Declaration of Trust of the Joint Training, Retraining, Skill Improvement, Safety Education,

Apprenticeship and Training Fund of the International Union of Operating Engineers Local 98, the

Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local

No. 98 and Employers Cooperative Trust, the Restated Agreement and Declaration of Trust of the

Central Pension Fund of the International Union of Operating Engineers and Participating Employers,

and the International Union of Operating Engineers Local 98 Pension, Annuity, Health and Welfare and

Training Funds' Collections Policy [hereinafter "Trusts" and "Collections Policy"].

18.    The Agreement, Trusts, and the Collections Policy obligate the defendant to remit

contributions to multiemployer plans.

19.    The Agreement requires the defendant to pay stipulated amounts to the following

multiemployer plans for each hour each of its employees worked:

<div align="center">

ANNUITY FUND
PENSION FUND
HEALTH AND WELFARE FUND
TRAINING FUND
LOCAL 98 E.C.T.
CENTRAL PENSION FUND

</div>

20.    The Agreement also requires the defendant to deduct from each of its employees' wages

stipulated sums for each hour worked and pay said amounts to the Union, said amounts representing

Union dues and Social Action Fund monies.

21.    In addition to the above and the Agreement, the Trusts, the Collections Policy, and 29

U.S.C. § 1132(g)(2), in the event the defendant fails to timely remit contributions and deductions, it

becomes liable not only for the amount of contributions and deductions due, but also for the following:

(1) interest on the unpaid and untimely paid Annuity Fund, Pension Fund, Health and Welfare Fund and

Training Fund contributions, calculated at the rate of one and one-half percent (1-1/2%) per month; (2)

the greater of interest on the unpaid and untimely paid Annuity Fund, Pension Fund, Health and Welfare

Fund and Training Fund contributions, or liquidated damages equal to twenty percent (20%) of those

delinquent contributions; (3) interest on the unpaid and untimely paid Local 98 E.C.T. contributions,

calculated at the rate prescribed by ERISA [29 U.S.C. §1132(g)(2)]; (4) interest again on the unpaid and

untimely paid Local 98 E.C.T. contributions; (5) interest on the unpaid and untimely paid Central

Pension Fund contributions, calculations at the rate of nine percent (9%) of those delinquent

contributions; (6) the greater of interest on the unpaid and untimely paid Central Pension Fund

contributions, or liquidated damages equal to fifteen percent (15%) of those delinquent contributions; (7)

interest on the unpaid dues deductions and Social Action Fund monies, calculated at the rate of nine

percent (9%) per annum; and (8) costs and fees of collection and attorneys' and paralegal fees.

22.    During the period September 2002 through October 2002 and the period April 2003

through August 2003, defendant failed to remit the sum of $13,126.99 in contributions and deductions

with regard to hours worked by employees covered by the Agreement.

23.    Defendant has failed and refused and continues to fail and refuse to pay the foregoing

deductions and also failed and refused and continues to fail and refuse to pay the applicable interest,

liquidated damages, costs and fees of collection and attorneys' fees.

24.    The defendant, therefore, owes $13,126.99 in contributions and deductions plus the

following:  (1) interest from October 10, 2002 on the $11,200.86 in unpaid and untimely paid Annuity

Fund, Pension Fund, Health and Welfare Fund and Training Fund contributions, calculated at the rate of

one and one-half percent (1-1/2%) per month; plus (2) the greater of interest on the $11,200.86 in unpaid

and untimely paid Annuity Fund, Pension Fund, Health and Welfare Fund and Training Fund

6

contributions, or liquidated damages equal to twenty percent (20%) of those delinquent contributions; plus (3) interest from October 10, 2002 on the $337.51 in unpaid and untimely paid Local 98 E.C.T. contributions, calculated at the rate prescribed by ERISA [29 U.S.C. § 1132(g)(2)]; plus (4) interest again on the $337.51 in unpaid and untimely paid Local 98 E.C.T. contributions; plus (5) interest from October 10, 2002 on the $405.00 in unpaid and untimely paid Central Pension Fund contributions, calculations at the rate of nine percent (9%) of those delinquent contributions; plus (6) the greater of interest on the $405.00 in unpaid and untimely paid Central Pension Fund contributions, or liquidated damages equal to fifteen percent (15%) of those delinquent contributions; plus (7) interest from October 10, 2002 on the $1,183.62 in unpaid dues deductions and Social Action Fund monies, calculated at the rate of nine percent (9%) per annum; plus (8) costs and fees of collection and attorneys' and paralegal fees.

## V. SECOND CAUSE OF ACTION

25.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "24" inclusive of this Complaint as if set forth fully at this point.

26.    The Agreement, the Trusts and the Collections Policy obligate the defendant to permit the Funds, on demand, to check, examine and audit its books and records, papers and reports as may be necessary to permit the Funds to determine the amount of contributions due and owing, including, but not limited to, its payroll records, timecards, accounts payable records, general ledger, cash disbursements journal, hours reports, and any other records relating to hours worked by all employees, including union, non-union, bargaining unit and non-bargaining unit employees, of the defendant.

27.    Defendant is contractually liable under the Agreement, Trusts and Collections Policy to pay the costs and expenses of the audit, all auditing fees, and any and all attorneys' and paralegal fees and costs incurred by the Funds in obtaining the audit.

7

28.     Defendant is contractually liable under the Agreement, Trusts and Collections Policy to timely report on a monthly basis the number of hours worked by all of its employees performing bargaining unit work.

29.     Defendant has failed to comply with its contractual obligations by failing to timely file the appropriate remittance reports and submit payments and because of its conduct, plaintiffs are unable to determine whether it has accurately reported the number of hours worked by its employees and accurately remitted payment.

30.     Despite requests for compliance with its obligations, defendant has failed and refused, and continues to fail and refuse, to allow the plaintiffs access to its books and records to conduct an audit for the period January 1, 2002 to date.

31.     Defendant's conduct has caused plaintiffs to incur attorneys' fees and paralegal fees and costs in attempting to determine the extent of its delinquency.

32.     Defendant, therefore, must be ordered to produce its books and records for plaintiffs' review and audit, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys' and paralegal fees and costs incurred in obtaining that audit.

33.     In the event it is discovered that the defendant has not properly submitted accurate reports to the plaintiffs and has not properly paid the appropriate monies to the Funds and Union, the Court must enter a judgment for any and all contributions and deductions that are determined to be due, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys' and paralegal fees, all at the rates set forth in Complaint paragraph No. 21.

## VI. THIRD CAUSE OF ACTION

34.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1"
through "33" of this Complaint as if fully set forth herein.

35.    If the defendant is not enjoined from violating the Act and breaching the terms of the
Agreement, the Trusts and the Collections Policy as aforesaid, the plaintiffs will be further damaged as a
result thereof in ways and amounts which cannot be accurately measured in terms of money, either as to
extent or amount.

36.    The defendant has continuously failed to comply with its obligations to the plaintiffs,
despite due demand for compliance, and thus, unless the defendant is enjoined from violating the Act and
breaching the terms of the Agreement, the Trusts and the Collections Policy, it is likely that the defendant
will, upon information and belief, continue to fail to timely remit contributions, deductions and monthly
remittance reports, causing the plaintiffs and the beneficiaries of the Funds to incur additional serious and
irreparable harm by further burdening and obstructing the administration and operation of the Funds and
endangering the payment of promised benefits from the Funds to qualified beneficiaries. A mere money
judgment is, thus, an inadequate remedy at law.

37.    Because the defendant has failed to comply with its obligations to the Funds, the corpus of
the Funds have been reduced, their income has been reduced, and their abilities to pay benefits are
jeopardized, thereby endangering the stability and soundness of the Funds. Again, a money judgment is,
thus, an inadequate remedy at law since the Funds will suffer irreparable harm.

38.    Because the defendant has refused to timely remit contributions, deductions and reports to
the plaintiffs, beneficiaries of the Funds may have benefits reduced or terminated that they would
otherwise qualify for had the defendant complied with its obligations, thereby causing these beneficiaries

9

and their families irreparable harm, and thus rendering a money judgment an inadequate remedy at law.

39.    Because the defendant continues to fail to comply with its obligations to the plaintiffs, new delinquencies are now being created monthly, again depriving the Funds of adequate monies to pay promised benefits which in turn causes the foregoing irreparable harm to be intensified in magnitude.

40.    For the foregoing reasons, the plaintiffs are without an adequate remedy at law and will suffer serious, substantial and irreparable injury and damage unless the defendant is enjoined from violating the Act and from breaching the terms of the Agreement, the Trusts and the Collections Policy.

41.    Unless the defendant is enjoined by this Court from breaching the terms of the collective bargaining agreement, the Trust Agreements and the Collections Policy and from violating the Act, and unless the defendant is compelled to remit all monies and reports that become due or are determined to be due to plaintiffs, whether arising before or after commencement of the action, greater injury will be inflicted upon the Plans, their Trustees, participants and beneficiaries, by denial of relief than could possibly be inflicted upon the defendant by granting such relief.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs demand judgment against defendant Nita, Inc., as follows:

1.    On Plaintiffs' First Cause of Action, judgment against the defendant for $13,126.99 in contributions and deductions, plus the following:  (1) interest from October 10, 2002 on the $11,200.86 in unpaid and untimely paid Annuity Fund, Pension Fund, Health and Welfare Fund and Training Fund contributions, calculated at the rate of one and one-half percent (1-1/2%) per month; plus (2) the greater of interest on the $11,200.86 in unpaid and untimely paid Annuity Fund, Pension Fund, Health and Welfare Fund and Training Fund contributions, or liquidated damages equal to twenty percent (20%) of

those delinquent contributions; plus (3) interest from October 10, 2002 on the $337.51 in unpaid and

untimely paid Local 98 E.C.T. contributions, calculated at the rate prescribed by ERISA [29 U.S.C.

§(g)(2)]; plus (4) interest again on the $337.51 in unpaid and untimely paid Local 98 E.C.T.

contributions; plus (5) interest from October 10, 2002 on the $405.00 in unpaid and untimely paid

Central Pension Fund contributions, calculations at the rate of nine percent (9%) of those delinquent

contributions; plus (6) the greater of interest on the $405.00 in unpaid and untimely paid Central Pension

Fund contributions, or liquidated damages equal to fifteen percent (15%) of those delinquent

contributions; plus (7) interest from October 10, 2002 on the $1,183.62 in unpaid dues deductions and

Social Action Fund monies, calculated at the rate of nine percent (9%) per annum; plus (8) costs and fees

of collection and attorneys' and paralegal fees.

    2.    On Plaintiffs' Second Cause of Action, judgment against the defendant:

        (A)    Requiring it to produce its books and records for plaintiffs' review and audit, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys' and paralegal fees and costs incurred in obtaining that audit; and

        (B)    For any and all contributions and deductions that are determined to be due, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys' and paralegal fees, all at the rates set forth in Complaint paragraph No. 21.

    3.    On Plaintiffs' Third Cause of Action, judgment against the defendant as follows:

        (A)    Judgment for any and all additional contributions and deductions that became due or are determined to be due, whether arising before or after commencement of the action, plus the applicable interest, liquidated damages, costs and fees of collection and attorneys' and paralegal fees; plus

        (B)    A permanent injunction preventing and restraining the defendant from breaching the Funds' Agreements and Declarations of Trust, the Funds' Collections Policy, and the collective bargaining agreements by which it is bound; plus

(C)    A permanent injunction directing the defendant to perform and continue to perform its obligations to plaintiffs, specifically, directing it to timely furnish the required monthly remittance reports and payments to plaintiffs, and to provide the plaintiffs, upon demand and at defendant's expense, access to its books and records for an audit and examination relating to the employment of its employees, including but not limited to weekly payroll reports, payroll journal and quarterly employer reports for various federal and state agencies.

DATED:  October 28, 2004

<div style="margin-left: 40%;">

**BLITMAN & KING LLP**

By:    *Charles E. Blitman*

Charles E. Blitman, Esq.
Bar Roll No. 653148
Attorneys for Plaintiffs
Office and Post Office Address
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York  13204-0415
Telephone:  (315) 422-7111
Facsimile:  (315) 471-2623

</div>

jlr\kah\iuoe98\Nita Complaint