UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS   WESTERN DIVISION
-------------------------------------------------------------------------
INTERNATIONAL UNION OF OPERATING ENGINEERS )
LOCAL 98 ANNUITY FUND, PENSION FUND, HEALTH )
AND WELFARE FUND AND JOINT TRAINING, )
RETRAINING, SKILL IMPROVEMENT, SAFETY )
EDUCATION, APPRENTICESHIP AND TRAINING FUND )
by William Sullivan and David Cardimino, as Trustees; )
INTERNATIONAL UNION OF OPERATING ENGINEERS )
LOCAL NO. 98 AND EMPLOYERS COOPERATIVE TRUST, )
by William Sullivan and David Cardimino, as Trustees; CENTRAL )
PENSION FUND OF THE INTERNATIONAL UNION OF )
OPERATING ENGINEERS AND PARTICIPATING )
EMPLOYERS, by Michael R. Fanning, as Chief Executive )
Officer; and INTERNATIONAL UNION OF OPERATING ) **AFFIDAVIT IN SUPPORT**
ENGINEERS LOCAL 98, AFL-CIO, by David Cardimino, as ) **OF MOTION FOR**
Business Manager, ) **DEFAULT JUDGMENT**
)
              Plaintiffs, )
)
  v. ) Civil Action No.
) 04-30212-KPN
)
NITA INC., )
)
             Defendant. )
-------------------------------------------------------------------------

STATE OF NEW YORK   )
COUNTY OF ONONDAGA ) ss.:

    **CHARLES E. BLITMAN,** being duly sworn, deposes and says:

    1.    I am a partner in the law firm of Blitman & King LLP, attorneys for the plaintiffs in the above-entitled action, and am fully familiar with all of the proceedings heretofore had herein.

    2.    I submit this affidavit in support of Plaintiffs' motion for default judgment, pursuant to Rule 55(b)(2) and 54(b) of the Federal Rules of Civil Procedure, in favor of Plaintiffs and against the Defendant, NITA Inc., in the amount of $27,145.88, plus interest thereon at the rate provided for by

28 U.S.C. §1961(a), together with the costs and disbursements of this proceeding.

## I. **PRIOR PROCEEDINGS**

3. This action seeks to collect monies due and owing to employee benefit plans and a union under the terms of a collective bargaining agreement and Agreements and Declarations of Trust. It is also an action arising under the Employee Retirement Income Security Act of 1974 [29 U.S.C. §§1001 et seq.] and Section 301(a) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. §185(a)].

4. The action was commenced on November 1, 2004, by filing a Summons and Complaint with the United States District Court, District of Massachusetts (Springfield). [A copy of the Summons and Complaint is attached hereto as Exhibit "A"].

5. On December 15, 2004, the Summons and Complaint in this action were served on defendant NITA Inc., by personally delivering a copy of the same to Bernard Moultrie, as President of the Corporation, as indicated by the Affidavit of Service, which was filed with the Court. [A copy of the Affidavit of Service is attached hereto as Exhibit "B"].

6. Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, the defendant was required to answer the Summons and Complaint within twenty (20) days after service thereof. The time within which the defendant could answer or otherwise move as to the Complaint expired on January 5, 2005.

7. The defendant has not answered the Complaint or otherwise moved with respect thereto and the time for the defendant to answer or otherwise move has not been extended.

8. On March 30, 2005, default of the defendant was entered for failure to appear or otherwise move as to the Complaint. [A copy of the Certificate of Entry of Default is attached hereto as Exhibit "C"].

## II. DEFENDANT'S OBLIGATIONS FOR DELINQUENT FRINGE BENEFIT CONTRIBUTIONS, <u>DEDUCTIONS AND DELINQUENCY CHARGES</u>

9. As established by the Complaint and defendant's default, defendant was party to a collective bargaining agreement with International Union of Operating Engineers Local 98, AFL-CIO [hereinafter "Agreement"]. [A copy of the collective bargaining agreements that were in effect for the relevant time period is attached hereto as Exhibit "D"].

10. As further established by the Complaint and defendant's default, the defendant is required to pay stipulated amounts to multi-employer plans for each hour worked by each of its employees. The defendant is also required to deduct from each of its employees' wages stipulated sums and pay said amounts to the Union, representing Union dues deductions and Social Action Fund monies. [See Exhibit "A"].

11. As further admitted by the defendant, if it fails to remit the monies, it is liable for payment of the following: (1) interest on the unpaid and untimely paid Annuity Fund, Pension Fund, Health and Welfare Fund, and Training Fund contributions, calculated at the rate of one and one half (1-½ %) per month; plus (2) the greater of interest on the unpaid and untimely paid Annuity Fund, Pension Fund, Health and Welfare Fund and Training Fund contributions, or liquidated damages equal to twenty percent (20%) of those delinquent contributions; plus (3) interest on the unpaid and untimely paid Local 98 E.C.T. contributions, calculated at the rate of one and one-half percent (1-½ %) per month; plus (4) the greater of interest on the unpaid and untimely paid Local 98 E.C.T. contributions, or liquidated damages equal to twenty percent (20%) of those delinquent contributions; plus (5) interest on the unpaid and untimely paid Central Pension Fund contributions, calculated at the rate of fifteen percent (15%) of those delinquent contributions; plus (6) the greater of interest on the unpaid and untimely paid Central Pension Fund contributions, or liquidated damages equal to fifteen percent (15%) of those delinquent

contributions; plus (7) interest on the unpaid Union dues deductions and the Social Action Fund monies, calculated at the rate of nine percent (9%) per annum; plus (8) costs and fees of collection and attorneys' and paralegal fees.

12. The interest, liquidated damages, attorneys' fees and costs, including paralegal fees, are calculated in accordance with the Agreement, 29 U.S.C. §1132(g)(2), the Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Annuity Fund, the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Pension Fund, the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Health and Welfare Fund, the Restated Agreement and Declaration of Trust of the Joint Training, Retraining, Skill Improvement, Safety Education, Apprenticeship and Training Fund of the International Union of Operating Engineers Local 98, the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 and Employers Cooperative Trust, the Restated Agreement and Declaration of Trust of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the International Union of Operating Engineers Local 98 Pension, Annuity, Health and Welfare and Training Funds' Collections Policy ["Agreements and Declarations of Trusts" and "Collections Policy"]. [Copies of the relevant portions of the Agreements and Declarations of Trusts are attached hereto as Exhibit "E" and the Collections Policy is attached hereto as Exhibit "F"].

13. By executing the collective bargaining agreement, the defendant agreed to abide by the rules and regulations of the Funds' Board of Trustees and bound itself to the terms and conditions of the Agreements and Declarations of Trust and the Collections Policy incorporated therein by reference. [See Exhibit "D," p. 22].

14. Under the Agreements and Declarations of Trust and Collections Policy, the defendant is

4

liable for all attorneys' fees, auditing fees, and costs incurred by the Funds. [Exhibit "E," Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Annuity Fund, p. 16; the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Pension Fund, p. 15; the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Health and Welfare Fund, p. 16; the Restated Agreement and Declaration of Trust of the Joint Training, Retraining, Skill Improvement, Safety Education, Apprenticeship and Training Fund of the International Union of Operating Engineers Local 98, pp. 20-21; the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 and Employers Cooperative Trust, p. 22; and the Restated Agreement and Declaration of Trust of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, p. 4.

### III. DEFENDANT'S BREACH OF ITS DUTY AND THE AMOUNT OF MONEY DUE

A.   Obligations With Respect To Plaintiffs' First and Third Causes Of Action

15.   The First Cause of Action of the Complaint demands judgment for $13,126.99 in contributions and deductions due to the plaintiffs for the period September 2002 through August 2003, plus the applicable interest, liquidated damages, costs and fees of collection and attorneys' fees. [See Exhibit "A", ¶¶ 22- 24]. The Third Cause of Action of the Complaint demands judgment for any and all monies that became due or are determined to be due to plaintiffs, whether arising before or after commencement of the action. [See Exhibit "A", ¶ 41].

16   Following commencement of the action, it was determined that defendant owes $13,265.93 for the period September 2002 through September 2003. The $13,265.93 is supported by remittance reports prepared and submitted by the defendant to plaintiffs. [Attached hereto as Exhibit "G" are copies of the remittance reports submitted by the defendant].

5

17.    Defendant has failed to pay the $13,265.93 in contributions and deductions together with the applicable interest, liquidated damages, costs and fees of collection and attorneys' fees and paralegal fees.

18.    Based upon the foregoing, and excluding attorneys' fees and costs, defendant owes the sum of $23,822.91 for the period September 2002 through September 2003. The sum of $23,822.91 represents: (1) $13,265.93 in fringe benefit contributions and deductions; (2) $5,418.14 in interest; and (3) $5,138.84 in liquidated damages. [Copies of summaries evidencing the amounts due are attached hereto as Exhibit "H"].

19.    With respect to plaintiffs' First and Third Causes of Action, therefore, the defendant owes $23,822.91 plus attorneys' fees and costs.

                                B.     Obligations With Respect To Plaintiffs'
                                        Second and Third Causes Of Action

20.    The Second and Third Causes of Action of the Complaint demand judgment against defendant requiring it to produce its books and records for the period January 1, 2002 to date for plaintiffs' review and audit, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys' fees and costs incurred in obtaining that audit. Further, these Causes of Action demand judgment for all contributions and deductions, interest and liquidated damages determined to be due and owing as a result of the audit.

21.    As established by the Complaint and defendant's default, pursuant to the Agreement, the Trusts and Collections Policy, the defendant is obligated to permit the Funds, on demand, to check, examine and audit its books, records, papers and reports as may be necessary to permit the Funds to determine whether the defendant made full payment to the Funds in the required amount, including, but not limited to, its payroll records, time cards, accounts payable records, general ledger, cash

disbursements journal, hours report, and any other records relating to hours worked by all employees, including Union, non-Union, bargaining unit and non-bargaining unit employees, of the defendant. [Copies of all Agreements and Policies binding Defendant are attached hereto as Exhibit "D," p.21; Exhibit "E," Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Annuity Fund, p. 15; the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Pension Fund, p. 15; the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Health and Welfare Fund, pp. 15-16; the Restated Agreement and Declaration of Trust of the Joint Training, Retraining, Skill Improvement, Safety Education, Apprenticeship and Training Fund of the International Union of Operating Engineers Local 98, p. 20; the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 and Employers Cooperative Trust, p. 21; and the Restated Agreement and Declaration of Trust of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, p. 4.

22.     As further admitted by the defendant, it is contractually liable to pay the cost and expense of the audit, all auditing fees, and any and all attorneys' and paralegal fees and costs incurred by the Funds in obtaining the audit. [See ¶ 14 above.]

23.     With respect to plaintiffs' Second and Third Causes of Action, therefore, the Court should require the defendant to produce its books and records for plaintiffs' review and audit, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys' and paralegal fees and costs incurred in obtaining that audit.  Further, the Court should enter judgment against the defendant for any and all contributions and deductions that are determined to be due and owing as a result of the audit, plus the applicable interest thereon, liquidated damages and costs, attorneys' fees and paralegal fees, audit fees and expenses of collection.

# IV. ATTORNEYS' FEES AND COSTS, INCLUDING PARALEGAL FEES, AND EXPENSES

24. In accordance with the collective bargaining agreement, the Agreements and Declarations of Trust and 29 U.S.C. §1132(g)(2), and as admitted by the defendant, the defendant is also liable for all attorneys' fees and costs incurred in collecting the debt.

25. It is submitted that the defendant is liable for $3,043.05 in attorneys' and paralegals' fees, and that plaintiffs are entitled to an award in that amount. [A copy of a narrative of legal services performed by Blitman & King LLP, each of said services initialed to indicate which individual performed the same, is attached hereto as Exhibit "I"].[1]

---

[1] Charles E. Blitman, a partner of Blitman & King, LLP, is a 1966 graduate of San Jose State University with a Bachelor of Arts in Philosophy and is a 1969 graduate of the Syracuse University College of Law. Admitted to the New York Bar in 1970 and the Massachusetts bar in 2000, Mr. Blitman's experience has included practice before state and federal courts. Mr. Blitman has been associated with Blitman & King, LLP since 1969.

Jennifer A. Clark, a partner of Blitman & King, LLP, is a graduate of Colgate University with a Bachelor of Arts in Economics and a cum laude graduate of Albany Law School. Admitted to the New York bar in 1982, Ms. Clark's background and experience has included practice before administrative agencies, including the National Labor Relations Board, and state and federal courts in connection with various legal actions, including numerous actions under ERISA to collect delinquent fringe benefit contributions owed to employee benefit plans. Ms. Clark has been associated with Blitman & King, LLP since 1981.

Joseph R. H. Doyle, an associate of Blitman & King, LLP, is a 1997 graduate of the University of Pennsylvania with a Bachelor of Arts in Philosophy, Politics, and Economics and Political Science with Honors and a 2000 graduate of Temple University James E. Beasley School of Law. Mr. Doyle was admitted to the New York Bar and the United States District Court for the Northern District of New York in 2004, as well as the Pennsylvania Bar in 2000. Prior to joining Blitman & King, LLP in August 2004, Mr. Doyle worked for the New York Prosecutors Training Institute as a Legal Consultant. Prior to that, Mr. Doyle served the City and County of Philadelphia, Pennsylvania as an Assistant District Attorney for almost three years. Mr. Doyle is an Honorably Discharged United States Marine with more than six years of active and reserve service.

Kara A. Hiller, a former associate of Blitman & King LLP, is a graduate of the University of Rochester with a Bachelor of Arts in Political Science and Philosophy and a graduate of Syracuse University College of Law. Ms. Hiller was admitted to the New York bar in 2001. Prior to joining Blitman & King LLP in September 2002, Ms. Hiller worked for Sonneborn, Spring, O'Sullivan & Zenzel, P.C. for one year.

Kristine E. Desimone was employed by Blitman & King LLP from 1996 through 2003 in a clerical/paralegal capacity. Her experience included assisting on numerous actions under ERISA to collect delinquent fringe benefit contributions owed to employee benefit plans.

26. The attorney and paralegal hours expended in this case were required by: (1) the defendant's failure to timely remit fringe benefit contributions and deductions; (2) the defendant's failure to appear in this action; and (3) the defendant's refusal to cooperate with the plaintiffs in connection with the satisfaction of this debt.

27. In addition to the attorney and paralegal hours expended in this case, costs and disbursements in the amount of $279.92 have been incurred in connection with collection of the delinquent fringe benefit contributions, deductions, interest and liquidated damages. [See Exhibit "I"].

28. Based upon the experience, reputation and ability of the persons handling this matter, the time and labor required, the cost to the plaintiffs and the delinquency involved, it is submitted that reasonable attorneys' fees and costs, including paralegal fees, amount to $3,322.97, representing $3,043.05 in attorneys' and paralegal fees, and $279.92 in costs and disbursements.

29. Defendant, NITA Inc., therefore, is indebted to the plaintiffs in the sum of $27,145.88, i.e., $13,265.94, plus $5,418.14, plus $5,138.84, plus $3,322.97.

31. No previous application has been made for the relief sought herein.

**WHEREFORE**, deponent requests that this Court enter a default judgment for plaintiffs and against the defendant, NITA Inc., in accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure:

 (1) In the amount of $27,145.88, plus interest thereon at the rate provided for by 28 U.S.C. §1961(a), together with the costs and disbursements of this proceeding;

 (2) Requiring defendant to produce its books and records for plaintiffs' review and audit, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys'

---

Jessica L. Ratkowski has worked as a legal secretary since 2000 and has been employed by Blitman & King, LLP in a clerical/paralegal capacity since 2004. Her experience has included assisting on numerous actions under ERISA to collect delinquent fringe benefit contributions owed to employee benefit plans.

and paralegal fees and costs incurred in obtaining that audit; and

(3) Retaining jurisdiction to enter judgment for any and all contributions and deductions that are determined to be due as a result of the audit, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys' and paralegal fees.

*Charles E. Blitman*
CHARLES E. BLITMAN

Sworn to before me this
28th day of September, 2005.

*Rosanne C. Canestrare*
Notary Public

ROSANNE C. CANESTRARE
NOTARY PUBLIC, STATE OF NEW YORK
Qualified in Onondaga County No. 4778058
My Commission Expires Sept. 30, 2006

I hereby certify that a true copy of the above document was served upon the defendant, NITA Inc.,
by mail on September 28, 2005

*Charles E. Blitman*
Charles E. Blitman, of Counsel

H:\coll\Legal\IUOE98-NITA-SupportMDJ-AFF.doc