EXHIBIT "E"
(Part 3)

AGREEMENT AND DECLARATION OF TRUST

of the

INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL
98 and EMPLOYERS COOPERATIVE TRUST
("LOCAL 98 ECT")

AGREEMENT AND DECLARATION OF TRUST

of the

INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL
98 and EMPLOYERS COOPERATIVE TRUST
("LOCAL 98 ECT")

## TABLE OF CONTENTS

**Section**                                                     **Page**

### ARTICLE I - DEFINITIONS

1    Association ......................................... 3
2    Employee ............................................ 3
3    Employer ............................................ 4
4    Industry ............................................ 5
5    Labor ............................................... 5
6    Local Union or Union ................................ 5
7    Management .......................................... 5
8    Operating Engineer(s) ............................... 6
9    Trust Agreement ..................................... 6
10   Trust Fund .......................................... 6
11   Trustees ............................................ 6

### ARTICLE II - CREATION AND PURPOSES OF FUND

1    Declaration of Trust ................................ 6
2    General Purposes .................................... 7
3    Limitations ......................................... 8
4    Legal Status ........................................ 8

### ARTICLE III - TRUSTEES

1    Number .............................................. 9
2    Acceptance of Trusteeship .......................... 10
3    Term of Trustees ................................... 10
4    Vacancies .......................................... 10
5    Form of Notification ............................... 10
6    Successor Trustee, Assumption of Office ............ 11
7    Limitation of Liability of Trustees ................ 11
8    Office of the Fund ................................. 11
9    Officers ........................................... 12
10   Power to Act in Case of Vacancy .................... 12
11   Meetings; Notices .................................. 13
12   Attendance at Meetings; Minutes .................... 13
13   Quorum; Voting; Action Without Meeting ............. 13

i

<u>Section</u>                                                              <u>Page</u>

14    Manner of Acting in the Event of Deadlock .......... 15
15    Removal of Trustee (Violation of Law) .............. 16
16    Plan Indemnification of Exonerated Trustee ......... 18


ARTICLE IV - CONTRIBUTIONS AND COLLECTIONS

1    Employer Contributions ............................. 19
2    Receipt of Payment and Other Property of Trust ...... 20
3    Collection and Enforcement of Payments ............. 20
4    Production of Records .............................. 21
5    Delinquent Contributions; Expenses of Collection .... 22
6    Non-Payment by an Employer; Others Still
        Obligated ...................................... 22
7    Effect of This Trust Agreement ..................... 22


ARTICLE V - POWERS AND DUTIES OF TRUSTEES

1    Conduct of Trust Business .......................... 22
2    Use of Fund for Expenses ........................... 23
3    Use of Fund ........................................ 23
4    Investments ........................................ 23
5    Deposits and Disbursements ......................... 25
6    Allocation and Delegation of Fiduciary
        Responsibilities ............................... 25
7    Fund Coordinator ................................... 26
8    By-Laws, Rules and Regulations ..................... 26
9    Additional Authority ............................... 27
10   Bonds .............................................. 28
11   Insurance .......................................... 28
12   Accountants ........................................ 29
13   Trustees to Act Without Compensation ............... 29
14   Reports ............................................ 29
15   Records of Trustee Transactions .................... 30
16   Liability .......................................... 30
17   Reliance on Written Instruments .................... 30
18   Reliance by Others ................................. 30
19   Discharge of Liability ............................. 31
20   Construction and Determinations by Trustees ........ 31
21   Attendance at Educational Seminars or Conferences ... 32


ARTICLE VI - CONTROVERSIES AND DISPUTES

1    Reliance on Records ................................ 32
2    Submission to Trustees ............................. 33
3    Settling Disputes .................................. 33

ii

**Section**                                                                 **Page**

### ARTICLE VII - BENEFICIAL RIGHTS

1    No Right, Title or Interest ........................ 33
2    Assignment Prohibited ............................. 34
3    Mistaken Contributions ............................ 34

### ARTICLE VIII - ADDITIONAL PARTIES

1    Additional Employers .............................. 34
2    Mergers ........................................... 35

### ARTICLE IX - TRUST AGREEMENT AMENDMENTS

### ARTICLE X - TERMINATION OF TRUST

### ARTICLE XI - MISCELLANEOUS

1    Trustee Powers After Termination .................. 36
2    Counterparts ...................................... 36
3    Enforceability of Trust Provisions ................ 36
4    Designee for Service of Process ................... 36

iii

# AGREEMENT AND DECLARATION OF TRUST

## of the

## INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 98 and EMPLOYERS COOPERATIVE TRUST ("LOCAL 98 ECT")

THIS AGREEMENT AND DECLARATION OF TRUST is made effective July 1, 1998, by, between the International Union of Operating Engineers Local 98, AFL-CIO ("Local 98" or "Union"), a local union in Massachusetts which now or hereinafter adopts this instrument, the Construction Industry of Massachusetts and Construction Industry Association of Western Massachusetts ("Association"), representing employers in the operating engineers industry and other employers ("Employers") who now or hereafter adopt this instrument, and the individuals who herein or hereafter agree to serve as Trustees of the Trust established by this instrument.

### WITNESSETH:

WHEREAS, the Union is a labor organization which represents operating engineers employed in the building, construction industry (the "Industry") in Massachusetts and other geographic areas; and

WHEREAS, the Association is an organization of Employers which employ operating engineers in the Industry in Massachusetts and other geographic areas, and which represent certain such employers for purposes of collective bargaining; and

WHEREAS, the Employers operate businesses in the Industry in Massachusetts and other geographic areas which employ operating engineers; and

ARTICLE IV

<u>CONTRIBUTIONS AND COLLECTIONS</u>

Section 1.  <u>Employer Contributions</u>.

(a)  Each Employer shall make prompt contributions or payments to the Trust Fund in such amount and under the terms as are provided for in the applicable collective bargaining agreement in effect from time to time between the Employer or his bargaining representative and the Union. An Employer may also be required to make contributions in such amount and under such terms as such Employer may be obligated, in writing, to make, provided that such contributions shall be subject to acceptance by the Trustees.  The Employer agrees that such contributions shall constitute an absolute obligation to the Trust Fund, and such obligation shall not be subject to set-off or counterclaim which the Employer may have for any liability of the Union or of an Employee.

(b)  Contributions to the Fund shall be paid to the Trustees or to such depository as the Trustees shall designate, only by check, bank draft, money order or other recognized written method of transmitting money or its equivalent, made payable to the order of the Local 98 ECT Fund.  The payment of contributions shall be made periodically at such times as the Trustees shall specify by rules and regulations or, if the Trustees so elect, as may be provided in the applicable collective bargaining agreement.

(c)  Each Employer shall be responsible only for the contributions payable by him on account of Employees covered by him,

19

except as may be otherwise provided by law. The Employer shall not be responsible for the contributions, payments or other obligations of any other Employer, or otherwise. For the purpose of computing the said contributions, all fractional hours of 1/2 or more should be considered an additional hour. Otherwise such fractional hours should be cancelled.

(d) In the event an Employee employed by an Employer, as defined herein, shall perform work outside of the geographical jurisdiction of the Union, the Employer may continue to make payments to the Trust Fund and the Trustees may accept such payments.

Section 2. <u>Receipt of Payment and Other Property of Trust</u>. The Trustees or such other person or entity designated or appointed by the Trustees are hereby designated as the persons to receive the payments heretofore or hereafter made to the Trust Fund by the Employers and Employees. The Trustees are hereby vested with all right, title and interest in and to such moneys and all interest which may be accrued thereon, and are authorized to receive and be paid the same.

Section 3. <u>Collection and Enforcement of Payments</u>. The Trustees, or such committee of the Trustees as the Trustees shall appoint, or the Fund Coordinator, if one has been appointed and when directed by such committee or by the Trustees, shall have the power to demand, collect and receive Employer payments and all other money and property to which the Trustees may be entitled, and shall hold the same until applied to the purposes provided in this Trust Agreement. They shall take such steps, including the institution and prosecution

of, or the intervention in, such legal or administrative proceedings as the Trustees in their sole discretion determine to be in the best interest of the Trust Fund for the purpose of collecting such payments, money and property, without prejudice, however, to the Union's rights to take whatever steps it deems necessary and wishes to undertake for such purposes.

Section 4. <u>Production of Records</u>. Each Employer shall promptly furnish to the Trustees, on demand, the names of any and all of his employees, including union, non-union, bargaining unit and non-bargaining unit employees, their Social Security numbers, the hours worked by each employee and such other information as the Trustees may reasonably require in connection with the Fund's administration and for no other purpose. The Trustees may, by their respective representatives, examine the pertinent employment, payroll and related records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the Fund's proper administration. The Trustees may require, in the cases of Employers with offices outside the Union's geographical jurisdiction, that the Employer produce said records for examination at the Fund's Office. The Union shall, upon the Trustees' request, promptly furnish information regarding an Employee's employment status. An Employer's production of records shall be on such other terms as the Trustees may specify by rules and regulations, including payment of any costs and fees incurred in obtaining the audit, such as, without limitation, auditing fees, attorneys' and

21

paralegals' fees, and any other costs.

Section 5.  <u>Delinquent Contributions; Expenses of Collection</u>.
The Trustees, in their sole discretion, may require the payment by
Employers of liquidated damages and interest (as provided in this
Trust Agreement or the separate Collections Policy established by the
Trustees) and of other costs and expenses (such as, without
limitation, attorneys' fees, paralegals' fees, accountants' or
auditors' fees, filing fees and costs of service of papers and all
other costs and disbursements) incurred by the Trustees and arising
out of the collection of an Employer's delinquent contributions.

Section 6.  <u>Non-Payment by an Employer; Others Still Obligated</u>.
Non-payment by any Employer of any contribution or other moneys owed
to the Fund shall not relieve any other Employer from his or its
obligation to make required payments to the Trust Fund.

Section 7.   <u>Effect of This Trust Agreement</u>.  To the extent this
Trust Agreement conflicts with the terms and provisions of a
collective bargaining agreement, the terms and provisions of this
Trust Agreement shall govern.  If this Trust Agreement conflicts with
the terms and provisions of the separate Collections Policy
established by the Trustees, the terms and provisions of the separate
Collections Policy shall govern.

ARTICLE V

<u>POWERS AND DUTIES OF TRUSTEES</u>

Section 1.  <u>Conduct of Trust Business</u>.  The Trustees shall have

appropriate or necessary in their sole discretion.

Section 7.  Fund Coordinator.  The Trustees may employ or
contract for the services of an individual, firm or corporation, to be
known as "Fund Coordinator," who shall, under the Trustees' direction
or under the direction of any appropriate committee of the Trustees,
administer the Fund's property and equipment, coordinate and
administer the accounting, bookkeeping and clerical services, provide
for the coordination of various services furnished by any consultants
to the Fund, prepare (in cooperation where appropriate with any
consultant and independent auditor) all reports and other documents to
be prepared, filed or disseminated by or on behalf of the Fund in
accordance with law, assist in the collection of contributions
required to be paid to the Fund by Employers and perform such other
duties and furnish such other services as may be assigned, delegated
or directed or as may be contracted by or on behalf of the Trustees.
The Fund Coordinator shall be the custodian on the Trustees' behalf of
all documents and other records of the Trustees and of the Fund.

Section 8.  By-Laws, Rules and Regulations.

(a)  The Trustees are hereby empowered and authorized to
adopt by-laws and to promulgate any and all rules and regulations
which they deem necessary or desirable to facilitate the Fund's proper
administration, provided the same are not inconsistent with the terms
of this Trust Agreement.  All by-laws, rules and regulations adopted
by action of the Trustees shall be binding upon all parties hereto and
all parties dealing with the Fund.

(b)  No by-law, regulation, rule, action or determination made or adopted by the Trustees, nor any decision or determination made by any impartial umpire appointed pursuant to Article III, Section 14(b) of this Agreement, shall in any manner conflict or be inconsistent (1) with this Trust Agreement or (2) with any applicable Federal, State or local law.

Section 9.  <u>Additional Authority</u>.  The Trustees are hereby empowered, in addition to such other powers as are set forth herein or conferred by law to:

(a)  enter into any and all contracts and agreements for carrying out the terms of this Trust Agreement and for the Fund's administration, and to do all acts as they, in their discretion, may deem necessary or advisable, and such contracts and agreements and acts shall be binding and conclusive on the parties hereto;

(b)  keep property and securities registered in the name of the Trustees or of the Fund or in the name of any other individual or entity duly designated by the Trustees;

(c)  establish and accumulate as part of the Trust Fund such reasonable reserve funds as the Trustees, in their sole discretion, deem necessary or desirable to carry out the Fund's purposes;

(d)  pay out of the Trust Fund all real and personal property taxes, income taxes, and other taxes of any and all kinds levied or assessed under existing or future laws upon or with respect to the Fund, or any money, property, or securities forming a part thereof;

of this Trust Agreement have been complied with, or (c) to inquire into the necessity or expediency of any act of the Trustees. Every instrument executed by the Trustees shall be conclusive evidence in favor of every person relying thereon that (a) at the time of the execution of said instrument, the Trust was in full force and effect, (b) the instrument was executed in accordance with the terms and conditions of this Trust Agreement and (c) the Trustees were duly authorized and empowered to execute the instrument.

Section 19. **Discharge of Liability**. The receipt by the Trustees of any money or property or checks (after such checks are honored at the bank and paid to the Trust Fund) shall discharge the person or persons paying or transferring the same.

Section 20. **Construction and Determinations by Trustees**. Subject to the stated purposes of the Fund and the provisions of this Agreement, the Trustees shall have full and exclusive authority and discretion to interpret and construe the provisions of this Agreement, the terms used herein and the by-laws and regulations issued thereunder. Any and all such determinations, interpretations and constructions made or adopted by the Trustees in good faith shall be binding upon all of the parties hereto and be given deference in all courts of law, to the greatest extent allowed by applicable law. A determination or interpretation made by Trustees shall not be overturned or set aside by any court of law unless found to be arbitrary and capricious, or made in bad faith.

No matter respecting the foregoing or any difference arising thereunder or any matter involved in or arising under this Trust Agreement shall be subject to the grievance or arbitration procedure established in any collective bargaining agreement(s) between the Employer and the Union, provided, however, that this clause shall not affect the rights and liabilities of any of the parties under any of such collective bargaining agreement(s).

Section 21. <u>Attendance at Educational Seminars or Conferences</u>. The Trustees are hereby authorized to attend meetings, seminars and/or educational conferences, the sole purpose of which shall be the disseminating and providing of information in educational matters for the benefit, instruction, aid, and guidance of Fund Trustees, and it is expressly provided that Trustees attending such meetings or conferences shall be reimbursed for all necessary and proper expenses in connection with attending such meetings, seminars, or conferences.

## ARTICLE VI

### CONTROVERSIES AND DISPUTES

Section 1. <u>Reliance on Records</u>. In any controversy, claim, demand, suit at law or other proceeding between any entity or person and the Trustees, the Trustees shall be entitled to rely upon any facts appearing in the records of the Fund or the Trustees, any instruments on file with the Trustees, with the Union or with the Employers, any facts certified to the Trustees by the Union or the Employers, any facts which are of public record and any other evidence

pertinent to the issue involved.

Section 2. <u>Submission to Trustees</u>. All questions or controversies, of whatsoever character, arising in any manner or between any parties or persons in connection with the Trust Fund or the operation thereof, or whether as to the construction of the language or meaning of the by-laws, rules and regulations adopted by the Trustees or this instrument, or as to any writing, decision, instrument or accounts in connection with the operation of the Trust Fund or otherwise, shall be submitted to the Trustees and the decision of the Trustees shall be binding upon all persons dealing with the Trust Fund.

Section 3. <u>Settling Disputes</u>. The Trustees may in their sole discretion compromise or settle any claim or controversy in such manner as they think best, and any decision made by the Trustees in compromise or settlement of a claim or controversy, or any compromise or settlement agreement entered into by the Trustees, shall be conclusive and binding on all parties interested in this Fund.

### ARTICLE VII

### <u>BENEFICIAL RIGHTS</u>

Section 1. <u>No Right, Title or Interest</u>. No Employer or Employer Association, nor any Employee of any such Employer, nor the Union, nor any member of the Union, nor any persons claiming by, through or under any of them, shall have any right, title or interest in or to the Trust Estate or any part thereof nor shall the Fund's assets inure to

any of the above.

Section 2.  <u>**Assignment Prohibited**</u>.  No monies, property or equity of any nature whatsoever, in the Fund, shall be subject in any manner by an Employee or a person claiming through such Employee, to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance, garnishment, levy, mortgage, lien or charge, and any attempt to cause the same to be subject thereto shall be null and void.

Section 3.  <u>**Mistaken Contributions**</u>.  In the case of a contribution which is made by an Employer by a mistake of fact or law, such contribution may be returned by the Trustees to such Employer within six months after the Trustees determine that the contribution was made by mistake but only if a claim is made by the Employer for a refund of such contribution within one year after the contribution was received by the Fund.  This shall not entitle any Employer to unilaterally take a credit for any such alleged mistaken contribution.  Such credit may only be taken if the Trustees, in their sole discretion, determine that such a mistaken contribution has, in fact, been made, and that such contribution should be returned.


### ARTICLE VIII

### <u>ADDITIONAL PARTIES</u>

Section 1.  <u>**Additional Employers**</u>.  Additional Employers and/or Employer Associations may be admitted to participation in this Fund

34

ARTICLE XI

**MISCELLANEOUS**

Section 1.  **Trustee Powers After Termination**.  The Trustees may continue to exercise all the title, powers, discretions, rights and duties conferred or imposed upon them by law or by this Trust Agreement after the Fund's termination in whole or in part, until the final distribution of the assets thereof.

Section 2.  **Counterparts**.  This Trust is made in counterparts any of which shall be deemed the sole original if the others be not produced.

Section 3.  **Enforceability of Trust Provisions**.  In the event that any of the provisions herein contained shall be declared or held to be invalid or unenforceable, such declaration or adjudication shall not in any manner affect or impair the validity or the enforceability of the other and remaining provisions of this Trust Agreement and such other and remaining provisions shall remain in full force and effect as though such invalid or unenforceable provisions or clauses had not been herein included or made a part hereof.

Section 4.  **Designee for Service of Process**.  The Board of Trustees is designated as the agent of the Fund upon whom process against the Fund may be served.  The address where any process against the Fund may be served is:

> International Union of Operating Engineers
> Local 98 and Employers Cooperative Trust
> Two Center Square
> P.O. Box 217
> East Longmeadow, Massachusetts  01028

IN WITNESS WHEREOF, the Trustees have executed this Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 and Employers Cooperative Trust which was approved on the 30th day of July, 1998, and have evidenced their ratification and consent to be bound by the Trust Agreement created herein, effective as of the 1st day of June, 1998.

EMPLOYER TRUSTEES:                    UNION TRUSTEES:

_____            _____
William J Sullivan                   John G Robert

_____            _____
                                     Christopher Clark

_____            _____
Doyle E Wittman                      David A Cardimino

_____            _____
Gayle A Gallo                        Douglas M Richards

RCC\CEB\AGRMNTS\98TRUSTAGTaccepted.DOC

37

# Restated Agreement

# and

# Declaration of Trust

# of the

# CENTRAL PENSION FUND

# of the

# International Union of Operating Engineers

# and

# Participating Employers

**DECEMBER 31, 1975**

**As Amended Through
February 1, 1986**

WHEREAS, there has heretofore been entered into an Agreement and Declaration of Trust, effective the 7th day of September, 1960, by and between the undersigned Union Trustees and Employer Trustees who, together with the Successor Trustees designated in the manner hereinafter provided, created a pension fund as herein provided; and

WHEREAS, said Agreement and Declaration of Trust has heretofore been amended; and

WHEREAS, under Article X of said Agreement and Declaration of Trust, the Trustees have the power and authority to amend such Agreement and Declaration of Trust from time to time as therein provided; and

WHEREAS, it is determined to be desirable to amend said Agreement and Declaration of Trust and to restate the same so as to incorporate therein all of the amendments adopted heretofore or as part of this restatement;

NOW, THEREFORE, the Trustees, designated and in office, as such, have executed this Restated Agreement and Declaration of Trust as indicating their acceptance of the respective duties imposed upon them as Trustees under the terms of this Agreement, to read as follows:

WHEREAS, the International Union of Operating Engineers and certain Local Unions affiliated with the International Union haved now and will hereafter have in effect agreements with certain Employers requiring payments by the Employers into a Trust Fund for the purpose of providing and maintaining benefits for certain Employees; and

WHEREAS, the International Union and each such Local Union and each Employer which accepts this Agreement and Declaration of Trust and agrees to be bound by the provisions hereof shall, upon acceptance by the Trustees, be deemed a party to this Agreement and Declaration of Trust; and

WHEREAS, to effect the aforesaid purpose it is desired to establish and maintain a Trust Fund which will conform to the applicable requirements of the Labor-Management Act of 1947, as amended, the Employees Retirement Income Security Act of 1974, as amended, and qualify as a "qualified Plan" and as an "exempt Trust" pursuant to the 1954 International Revenue Code, Sections 401, 501(a) and other pertinent provisions thereof; and

WHEREAS, the said Trust Fund is to be known as the "Central Pension Fund of the International Union of Operating Engineers and Participating Employers"; and

WHEREAS, it is desired to set forth the terms and conditions under which the said Fund is to be established and administered; and

WHEREAS, the sums payable to the Fund as aforesaid, are for the purposes of providing pension benefits and other conventional forms of retirement, disability and related benefits as now are or may hereafter be authorized or permitted by law for eligible employees, their families, dependents and beneficiaries as determined hereunder; and

WHEREAS, the Trustees have been duly appointed in accordance with the provisions of this Agreement;

NOW, THEREFORE, in consideration of the premises and mutual covenants and agreements herein contained, it is hereby agreed as follows:

## ARTICLE I

### Definitions

**Section 1.1  Employer.**  The term "Employer" as used herein shall mean:

(a)  An employer who is a member of, or is represented in collective bargaining by, an association and who is bound by a collective bargaining agreement with the Union providing for the making of payments to the Trust Fund with respect to employees represented by the Union.

(b)  An employer who is not a member of, nor represented in collective bargaining by, an association, but who has duly

executed or is bound by a collective bargaining agreement with the Union providing for the making of payments to the Trust Fund with respect to employees represented by the Union.

(c)  The Union which, for the purpose of making the required contributions into the Trust Fund, shall be considered as the Employer of the Employees of the Union for whom the Union contributes to the Trust Fund.

(d)  An employer who does not meet the requirements of the definition of "Employer" as stated in subsections (a), (b) and (c) of this Section, but who is required to make payments or contributions to the Trust Fund (1) by any law or ordinance applicable to a State, Territory or Province or to any political subdivision or municipal corporation thereof or (2) pursuant to any written agreement entered into by such employer with such State, Territory or Province or any political subdivision or municipal corporation thereof.

(e)  Employers as described in this Section shall, by the making of payments to the Trust Fund pursuant to such collective bargaining or other written agreements, be deemed to have accepted and be bound by this Trust Agreement.

**Section 1.2  Local Union or Union.**  The term "Local Union" as used herein, shall mean any local union affiliated with the International Union of Operating Engineers. The term "Union" as used herein, shall mean the International Union of Operating Engineers.

**Section 1.3  Employee.**  The term "Employee" as used herein shall mean:

(a)  Any employee represented by the Union and working for an Employer as defined herein, and with respect to whose employment an Employer is required to make contributions into the Trust Fund.

(b)  An officer or employee of the Local Union who shall have been proposed for benefits under the Trust Fund by the Local Union and who shall have been accepted by the Trustees and for whom the Local Union agrees in writing to contribute to the Trust Fund at the rate fixed for contributions for other Employers.

(c)  An Employee of an Employer, as defined in subsection (d) of Section 1.1, on whose behalf such Employer is required to make payments or contributions to the Trust Fund as provided in subsection (d) of Section 1.1 and at a rate fixed for contributions for other Employers.

(d)  Employees, if any, of this Trust Fund who are not employed by an Employer as defined in Section 1.1, but as shall be proposed and accepted for such benefits by the Trustees. As to such personnel as are employees of the Trust Fund, the Trustees shall be deemed to be an Employer within the meaning of this Trust Agreement and shall provide benefits for said Employees out of said Trust Fund, on the same basis as for other Employees.

(e)  A person, represented by or under the jurisdiction of the Union, who shall be employed by a governmental unit or agency, and on whose behalf payment of contributions shall be made at the times and at the rate of payment equal to that paid by an Employer, defined in Section 1.1 of this Article, in accordance with a written agreement, ordinance or resolution.

**Section 1.4  Participant.**  "Participant" means any pensioner, any person receiving benefits as the beneficiary of a deceased Participant, any person who has completed the requirements for a vested benefit, and any employee who worked in covered employment for at least 400 hours in a calendar year. Prior to becoming a Participant, an employee shall not in any event be credited with service; however, this shall not preclude credit for service prior to participation, to the extent provided by this Plan, once an employee has become a Participant.

**Section 1.5  Beneficiary.**  The term "Beneficiary" shall mean a

1

**Section 3.7   Office of the Fund.**   The principal office of the Trust Fund shall, so long as location is feasible, be located and maintained in the District of Columbia. The location of the principal office shall be made known to the parties interested in the Trust Fund. At such office, and at such other places as may be required by law, there shall be maintained the books and records pertaining to the Trust Fund and its administration.

**Section 3.8   Officers.**   During the regular winter meeting, the Trustees shall select from among themselves a Chairman, and a Secretary to serve for a term of one (1) year commencing at the time of election and continuing until his or their successors have been elected. At no time shall both offices be held by Trustees designated by the same parties. The Secretary or such other person as the Trustees may designate, shall keep minutes and records of all meetings, proceedings and acts of the Trustees and shall, with reasonable promptness, send copies of such minutes and records to all Trustees. The Chairman, and in his absence a Trustee selected by the Trustees, shall preside at all meetings of the Trustees.

**Section 3.9   Power to Act in Case of Vacancy.**   No vacancy or vacancies on the Board of Trustees shall impair the power of the remaining Trustees, acting in the manner provided by this Trust Agreement, to administer the affairs of the Trust Fund notwithstanding the existence of such vacancy or vacancies.

**Section 3.10   Meetings; Notices.**   The Trustees shall meet at least three times each year and at such other times as they deem it necessary to transact their business. The Chairman or the Secretary of the Board of Trustees may, and upon the written request of any two (2) Trustees shall, call a meeting of the Trustees at any time by giving at least five (5) days' written notice of the time and place thereof to the remaining Trustees. A meeting of the Trustees may be held at any time without notice if all the Trustees consent thereto in writing.

**Section 3.11   Attendance at Meetings; Minutes.**   All official meetings of the Trustees shall be attended only by the Trustees and shall not be open to the public, except that there may attend such other persons as may be designated by the Trustees or when invited so to do, and as may be otherwise required by law. Written minutes, which need not be verbatim, a copy of which shall be furnished with reasonable promptness to each Trustee, shall be kept of all business transacted and of all matters upon which voting shall have occurred and the vote of each Trustee shall be recorded. Such minutes shall be approved by the signature of an Employer Trustee and of an Employee Trustee.

**Section 3.12   Quorum; Voting; Action without Meeting.**

(a)   At least two (2) Employer Trustees and at least two (2) Employee Trustees present in person at any meeting of the Board of Trustees shall constitute a quorum for the transaction of business. If at any meeting the number of Employer and Employee Trustees present shall be unequal, then the group of Trustees lesser in number shall be entitled to cast the same number of votes as the other group of Trustees. In the event there shall be present at any meeting less than all of the Trustees of a group and such Trustees shall be unable to agree as to the manner in which the vote of the absent Trustee shall be cast, then action on the matter under consideration shall be postponed and resolved by mail vote.

(b)   A quorum of a committee of the Board of Trustees, established in accordance with Section 5.7 of this Trust Agreement or otherwise, shall be a majority of the members of the committee, except as may be provided otherwise by law.

(c)   Any action taken by the Trustees, except as herein otherwise provided, shall be by affirmative vote of a majority of the votes cast at a meeting. The Trustees must cast their votes in person, except as provided in subsection (a) of Section 3.12.

(d)   Action by the Trustees on any proposition may also be taken without a meeting if all of the Trustees agree thereon in writing.

**Section 3.13   Manner of Acting in the Event of Deadlock.**

(a)   A deadlock shall be deemed to exist whenever a proposal, nomination, motion or resolution made or proposed by any one of the Trustees is not adopted or rejected by a majority vote and the maker of the proposal, nomination, motion or resolution notifies the remaining Trustees in writing that a deadlock exists.

(b)   In the event of such deadlock arising, the Trustees shall meet for the purpose of agreeing upon an impartial umpire to break such deadlock by deciding the dispute in question. In the event of the inability of the Trustees to agree upon the selection of such impartial umpire within a reasonable time, then, on the petition of either group of Trustees, the senior judge on duty of the District Court of the United States for the District of Columbia shall appoint such impartial umpire. Such impartial umpire shall immediately proceed to hear the dispute between the Trustees and decide such dispute, and the decision and award of such umpire shall be final and binding upon the parties. The reasonable compensation of such umpire and the costs and expenses (including, without limitation, attorneys' and reporter fees) incidental to any proceedings instituted to break a deadlock shall be paid by the Trust Fund.

(c)   Any impartial umpire selected or designated to break a deadlock shall be required to enter his decision within a reasonable time fixed by the Trustees. The scope of any such proceeding before such impartial umpire shall be limited to the provisions of this Trust Agreement and to the provisions such of the rules, regulations and bylaws adopted by the Trustees and to the plan of benefits established by them. The impartial umpire shall have no jurisdiction or authority to change or modify the provisions of this Trust Agreement or to decide any issue arising under or involving the interpretation of any collective bargaining agreement between the Union, and the Employers, and such impartial umpire shall have no power or authority to change or modify any provisions of any such collective bargaining agreements.

**Section 3.14   Removal of Trustee (Violation of Act).**   The Board of Trustees shall initiate action to cause the removal of any fellow member Trustee who may be serving as a Trustee in violation of the Act. The vacancy or vacancies caused by such a removal shall be filled in accordance with Section 3.3 of this Article.

# ARTICLE IV

## Contributions and Collections

**Section 4.1   Employer Contributions.**

(a)   Each Employer shall make prompt contributions or payments to the Trust Fund in such amount and under the terms as are provided for in the applicable collective bargaining agreement in effect from time to time between the Employer or his bargaining representative and the Union or Local Union. An Employer may also be required to make contributions in such amount and under such terms as such Employer may be obligated, in writing, to make, provided that such contributions shall be subject to acceptance by the Trustees. The Employer agrees that such contributions shall constitute an absolute obligation to the Trust Fund, and such obligation shall not be subject to set-off or counter-claim which the Employer may have for any liability of the Union or Local Union, or of an Employee.

(b)   Contributions to the Fund shall be paid to the Trustees or to such depository as the Trustees shall designate, only by check, bank draft, money order or other recognized written method of transmitting money or its equivalent, made payable to the order of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers. The payment of contributions shall be made

3

periodically at such times as the Trustees shall specify by rules and regulations.

(c)  Each Employer shall be responsible only for the contributions payable by him on account of Employees covered by him, except as may be otherwise provided by law. Employers associations or groups shall not be responsible for the contributions, payments or other obligations of any other Employer, or otherwise.

(d)  **Work Outside Jurisdiction.** In the event an Employee employed by an Employer, as defined herein, shall perform work outside of the geographical jurisdiction of the Local Union, the Employer may continue to make payments to the Trust Fund and the Trustees may accept such payments.

**Section 4.2  Receipt of Payment and Other Property of Trust.** The Trustees or such other person or entity designated or appointed by the Trustees in accordance with Section 5.3 of Article V are hereby designated as the persons to receive the payments heretofore or hereafter made to the Trust Fund by the Employers. The Trustees are hereby vested with all right, title and interest in and to such moneys and all interest which may be accrued thereon, and are authorized to receive and be paid the same.

**Section 4.3  Collection and Enforcement of Payments.** The Trustees, or such committee of the Trustees as the Board of Trustees shall appoint, or the Administrative Manager if one has been appointed and when directed by such committee or by the Board of Trustees, shall have the power to demand, collect and receive Employer payments and all other money and property to which the Trustees may be entitled, and shall hold the same until applied to the purposes provided in this Trust Agreement. They shall take such steps, including the institution and prosecution of, or the intervention in, such legal or administrative proceedings as the Trustees in their sole discretion determine to be in the best interest of the Trust Fund for the purpose of collecting such payments, money and property, without prejudice, however, to the rights of the Union or Local Union to take whatever steps it deems necessary and wishes to undertake for such purposes.

**Section 4.4  Production of Records.** Each Employer shall promptly furnish to the Trustees or its authorized representative, on demand, the names of all such Employer's Employees, their Social Security numbers, each Employee's Earnings Records, the number of hours worked by each Employee and all Federal and State payroll tax returns, and such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund and for no other purpose. The Trustees may, by their respective representatives, audit and examine the pertinent employment and payroll records of each Employer, as described above, at the Employer's place of business, whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust Fund. The Union or Local Union shall, upon the request of the Trustees, promptly furnish information with respect to an Employee's employment status.

In addition, in the event the Employer does not maintain or otherwise does not have in his possession records of the number of hours worked by each Employee, the Employer agrees that in order to determine the number of hours for which contributions are required to be submitted to the Trust Fund, the Employee's gross wages shall be divided by the hourly wage scale set forth in the applicable collective bargaining agreement for such Employee's job classification.

**Section 4.5  Collection Costs.** In the event that upon audit made by the Trustees and/or upon other evidence it is found by the Trustees that an Employer has failed to make required Employer Contributions, the Trustees are authorized and empowered:

(a)  to impose and receive from such Employer all costs of the audit;

(b)  to assess and receive from such Employer as liquidated damages an amount up to twenty percent (20%) of the amount found to be delinquent, in that the failure of the

Employer to make the required payment of Employer Contributions imposes additional burden and expense upon the Trustees in the collection thereof; in the administration of the Trust Fund, including but not limited to the communication with said Employer; and, in addition thereto may cause a loss of benefits to employees, all of which are difficult of accurate ascertainment;

(c)  to assess and receive from such Employer the lost interest from the delinquent amounts, to be calculated at the rate prescribed under Section 6621 of the Internal Revenue Code of 1954;

(d)  to impose and receive from such Employer any amounts Trustees are required to pay for the benefit of an eligible Employee of such Employer, or an Employee who would be eligible except for the failure of such Employer to make required contributions in his behalf.

(e)  to impose and receive from such Employer all costs, audit expenses and attorneys fees incurred by the Trustees in enforcing the provisions hereof, whether by litigation or otherwise;

(f)  to require such Employer to make weekly deposits of Employer Contributions in an amount determined by the Trustees, based on objective standards, provided that the Trustees have given such Employer reasonable notice of such requirement for weekly deposits, the amount to be deposited, the date such deposits are due and the basis on which the weekly deposit is determined and required;

(g)  to require such Employer to furnish to the Trustees a bond, with reputable surety thereon,

(1)  with the Trustees as obligees thereunder;

(2)  in an amount, determined by the Trustees, consistent with the anticipated future obligations of such Employer;

(3)  with notice provisions acceptable to the Trustees consistent with purposes of such bond.

**Section 4.6  Effect of Non-Payment.** Non-payment by any Employer, of any contribution or other moneys owed to the Fund shall not relieve any other Employer from his or its obligation to make required payments to the Trust Fund.

## ARTICLE V

### Powers and Duties of Trustees

**Section 5.1  Conduct of Trust Business.** The Trustees shall have general supervision of the operation of this Trust Fund and shall conduct the business and activities of the Trust Fund in accordance with this Trust Agreement and applicable law. The Trustees shall hold, manage and protect the Trust Fund and collect the income therefrom and contributions thereto. The Trustees may, in the course of conducting the business of the Trust, execute all instruments in the name of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, which instruments shall be signed by at least one Employer and one Employee Trustee, provided, however, any one Trustee or the Administrative Manager may execute legal documents to commence and process law suits to enforce trust collections on behalf of the Trustees.

**Section 5.2  Use of Fund for Expenses.** The Trustees shall have the power and authority to use and apply the Trust Fund to pay or provide for the payment of all reasonable and necessary expenses: (a) of collecting the Employer contributions and payments and other moneys and property to which they may be entitled and (b) of administering the affairs of this Trust, including the employment of such administrative, legal, expert and clerical assistance, the purchase or lease of such premises, materials, supplies and equipment and the performance of such other acts, as the Trustees, in their sole discretion, find necessary or appropriate in the performance of their duties.

4

mendations. The Executive Committee shall also perform such other functions, duties and responsibilities as may be delegated or assigned to it by the Board of Trustees under the Trust Agreement and applicable laws, or as may be allocated to it pursuant to Sections 5.4(b) and 5.6 of this Article; any actions taken or duties performed under such allocation shall not be subject to ratification by the full Board of Trustees, unless such allocation expressly provides otherwise.

(e) **Eligibility Committee.** The Trustees may appoint an Eligibility Committee which shall, in conjunction with the Administrative Manager, formulate rules and procedures for the processing of benefit applications, and the determination and payment of such benefits. The Eligibility Committee shall make appropriate reports and recommendations in regard to such applications and determinations to the Trustees. The Eligibility Committee shall review all applications for benefits with regard to eligibility and amount thereof and make appropriate determinations with respect thereto. As to any applicant for benefits whose claim for benefits has been denied by the Eligibility Committee, the Committee shall give applicant adequate notice in writing thereof and, further, shall afford such applicant a reasonable opportunity for a fair review of its decision denying the claim for benefits.

(f) **Finance Committee.** The Trustees may appoint a Finance Committee which shall review the investment policies of the Trustees and the activities of any investment managers which may have been appointed by the Trustees. It shall make appropriate recommendations to the full Board of Trustees on any matter entrusted to it. With respect to assets of the Trust Fund which the Trustees have not specified to be managed by an investment manager appointed pursuant to Section 5.4(b)(2) of this Article, and subject to such limitations and requirements as may be contained in this Trust Agreement or in the Act, the Trustees may allocate to the Finance Committee the authority to authorize and approve the investment of Trust Fund assets in investments permitted under Section 5.4(a), subject to pertinent investment policies and guidelines adopted by the Board of Trustees.

(g) **Employer Accounts Commitee.** The Trustees may appoint an Employer Accounts Committee which shall formulate policies and procedures in regard to the collection of delinquent payments and contributions due the Fund. It shall collaborate with the Administrative Manager and with counsel in the administration of such policies and procedures and make appropriate reports and recommendations to the Trustees. The Trustees may allocate to the Employer Accounts Committee authority to initiate legal actions to collect any delinquent employer contributions or other obligations owed to the Trust Fund.

**Section 5.8    Administrative Manager.**

(a) The Trustees may employ or contract for the services of an individual, firm or corporation, to be known as "Administrative Manager", who shall, under the direction of the Trustees or under the direction of any appropriate committee of the Trustees, administer the office or offices of the Trust Fund and of the Trustees, coordinate and administer the accounting, bookkeeping and clerical services, provide for the coordination of actuarial services furnished by the consulting actuary, prepare (in cooperation where appropriate with the consulting actuary and independent auditor) all reports and other documents to be prepared, filed or disseminated by or on behalf of the Trust in accordance with law, assist in the collection of contributions required to be paid to the Trust Fund by Employers and perform such other duties and furnish such other services as may be assigned, delegated or directed or as may be contracted by or on behalf of the Trustees. The Administrative Manager shall be the custodian on behalf of the Trustees of all documents and other records of the Trustees and of the Trust Fund.

(b) The Trustees are authorized and empowered and may at their

discretion see to the preparation of and expenditure for instruction programs or seminars for the training and direction of administrative staff of the Trust, of local unions, of contract administrative managers, or of other entities retained or designated by the Trustees to perform required administrative services for the Trust.

**Section 5.9    Administrative Rules and Regulations.**

(a) The Trustees are hereby empowered and authorized to adopt Administrative Rules and Regulations and to promulgate any and all necessary rules and regulations which they deem necessary or desirable to facilitate the proper administration of the Trust Fund, provided the same are not inconsistent with the terms of this Trust Agreement. All such rules and regulations adopted by action of the Trustees shall be binding upon all parties hereto, all parties dealing with the Trust Fund and all persons claiming any benefits hereunder.

(b) No such regulation, rule, action or determination made or adopted by the Trustees, nor any decision or determination made by any impartial umpire appointed pursuant to Section 3.13 of this Agreement, shall in any manner conflict or be inconsistent with any provision of the applicable current collective bargaining agreement in effect, or which may be made, between the Employer, the Union and the Local Union; with this Trust Agreement and with any applicable federal, state or local law.

**Section 5.10    Additional Authority.**    The Trustees are hereby empowered, in addition to such other powers as are set forth herein or conferred by law:

(a) to enter into any and all contracts and agreements for carrying out the terms of this Trust Agreement, and for the administration of the Trust Fund, and to do all acts as they, in their discretion, may deem necessary or advisable, and such contracts and agreements and acts shall be binding and conclusive on the parties hereto and on the Participants involved;

(b) to keep property and securities registered in the names of the Trustees or of the Fund or in the name of any other individual or entity duly designated by the Trustees;

(c) to establish and accumulate as part of the Trust Fund such reasonable reserve funds as the Trustees, in their sole discretion, deem necessary or desirable to carry out the purposes of such Trust Fund;

(d) to pay out of the Trust Fund all real and personal property taxes, income taxes, and other taxes of any and all kinds levied or assessed under existing or future laws upon or in respect to the Trust Fund, or any money, property, or securities forming a part thereof;

(e) to do all acts, whether or not expressly authorized herein, which the Trustees may deem necessary or proper for the protection of the property held hereunder;

(f) to sell, exchange, lease, convey, mortgage or dispose of any property, whether real or personal, at any time forming a part of the Trust Fund upon such terms as they may deem proper, and to execute and deliver any and all instruments of conveyance, lease, mortgage and transfer in connection therewith;

(g) to establish and carry out a funding policy and method consistent with the objectives of the Pension Plan and the Act.

**Section 5.11    Bonds.**    The Trustees shall obtain from an authorized surety company such bonds as may be required by law, covering such persons and in such amounts (but not less than required by law) as the Trustees, in their discretion, may determine. The cost of the premiums for such bonds shall be paid out of the Trust Fund.

**Section 5.12    Insurance.**    The Trustees may in their discretion obtain and maintain policies of insurance, to the extent permitted by law, to insure themselves, the Trust Fund as such, its administrators and other fiduciaries, as well as employees, agents or the professional consultants of the Trustees and of the Trust Fund, while engaged in

business and related activities for and on behalf of the Trust Fund (1) with respect to liability to others as a result of acts, errors or omissions of such individuals, respectively, provided such insurance policy shall provide recourse by the insurer against such individuals, as may be required by law and (2) with respect to accidental death or injuries received or property damage suffered by them. The cost of the premiums for such policies of insurance shall, where not prohibited by law, be paid out of the Trust Fund.

**Section 5.13  Information to Participants and Beneficiaries.**  The Trustees shall provide Participants and Beneficiaries such information as may be required by law.

**Section 5.14  Accountants and Actuaries.**  The Trustees shall engage one or more independent qualified public accountants and one or more enrolled actuaries to perform all services as may be required by applicable law and such other services as the Trustees may deem necessary.

**Section 5.15  Trustees to Act Without Compensation.**  The Trustees shall act in such capacity without compensation, but they shall be entitled to reimbursement for the expenses properly and actually incurred in the performance of their duties with the Trust Fund, including without limitation, attendance at meetings and other functions of the Board of Trustees or its committees or while on business of the Board of Trustees, or on behalf of the Trust Fund.

**Section 5.16  Reports.**  All reports required by law to be signed by one or more Trustees shall be signed by all of the Trustees, provided that all of the Trustees may appoint in writing, or by resolution adopted and spelled out in the minutes, one or more of their members to sign such report on behalf of the Trustees.

**Section 5.17  Records of Trustee Transactions.**  The Trustees shall keep true and accurate books of account and a record of all of their transactions and meetings (including actions taken at such meetings and by informal action of the Trustees) which records and books shall be audited annually by a certified public accountant. A copy of the audit report shall be available for inspection by interested persons at the principal office of the Trustees.

**Section 5.18  Construction and Determination by Trustees.**  Subject to the stated purposes of the Fund and the provisions of this Agreement, the Trustees shall have full and exclusive authority to determine all questions of coverage and eligibility, methods of providing or arranging for benefits and all other related matters. They shall have full power to construe the provisions of this Agreement, the terms used herein and the bylaws and regulations issued thereunder. Any such determination and any such construction adopted by the Trustees in good faith shall be binding upon all of the parties hereto and the Beneficiaries hereof. No matter respecting the foregoing or any difference arising thereunder or any matter involved in or arising under this Trust Agreement shall be subject to the grievance or arbitration procedure established in any collective bargaining agreement between the Association and the Union, provided, however, that this clause shall not affect the rights and liabilities of any of the parties under any of such collective bargaining agreements.

**Section 5.19  Liability.**  The Trustees, to the extent permitted by applicable law, shall incur no liability in acting upon any instrument, application, notice, request, signed letter, telegram or other paper or document believed by them to be genuine and to contain a true statement of facts, and to be signed by the proper person.

**Section 5.20  Reliance on Written Instruments.**  Any Trustee, to the extent permitted by applicable law, may rely upon any instrument in writing purporting to have been signed by a majority of the Trustees as conclusive evidence of the fact that a majority of the Trustees have taken the action stated to have been taken in such instrument.

**Section 5.21  Reliance by Others.**  (a) No party dealing with the

Trustees shall be obligated (1) to see the application to the stated Trust purposes, of any funds or property of the Trust Fund or (2) to see that the terms of this Trust Agreement have been complied with or (3) to inquire into the necessity or expediency of any act of the Trustees. (b) Every instrument executed by the Trustees shall be conclusive evidence in favor of every person relying thereon (1) that at the time of the execution of said instrument, the Trust was in full force and effect, (2) that the instrument was executed in accordance with the terms and conditions of this Trust Agreement and (3) that the Trustees were duly authorized and empowered to execute the instrument.

**Section 5.22  Discharge of Liability.**  The receipt by the Trustees for any money or property or checks (after such checks are honored at the bank and paid to the Trust Fund) shall discharge the person or persons paying or transferring the same, to the extent permitted by applicable state or federal law.

**Section 5.23  Establishment of Plan.**  The Trustees shall design or formulate a Pension Plan for the payment of such retirement pension benefits, permanent disability pension benefits, death benefits, and related benefits, as are feasible. Such Pension Plan shall at all times comply with the applicable federal statutes and regulations and to the provisions of this Trust Agreement. The Trustees shall not be under any obligation to pay any pension if the payment of such pension will result in loss of the Trust Fund's tax exempt status under the then applicable Internal Revenue Code and any regulations or rulings issued pursuant thereto. Said Trustees shall draft procedures, regulations, and conditions for the operation of the Pension Plan, including, by way of illustration and not limitation: conditions of eligibility for Participants and Beneficiaries, procedure for claiming benefits, schedules of type and amount of benefits to be paid, and procedure for the distribution of benefits. The Trustees may also provide for the payment of partial pensions, and may enter into agreements with other trustees of pension plans which conform to the applicable sections of the then applicable Internal Revenue Code for purposes of tax deductions for the reciprocal recognition of service credits and payments of pension benefits based upon such service credits.

**Section 5.24  Amendment of Plan.**  The Pension Plan may be amended by the Trustees from time to time, provided that such amendments comply with the applicable sections of the then applicable Internal Revenue Code, all applicable federal statutes and regulations, the contract articles creating the Trust Fund, and the purposes as set forth in this Trust Agreement. Additionally and not by way of limitation, the Trustees may amend the Pension Plan, in future, or retroactively, where they deem it necessary to maintain the continuation of the Trust Fund's tax exempt status or to preserve compliance with the then applicable Internal Revenue Code, applicable federal statutes, and any regulations or rulings issued with respect thereto.

### ARTICLE VI

#### Controversies and Disputes

**Section 6.1  Reliance on Records.**  In any controversy, claim, demand, suit at law or other proceeding between any Participant, Beneficiary or any other person and the Trustees, the Trustees shall be entitled to rely upon any facts appearing in the records of the Trustees, any instruments on file with the Trustees, with the Union or with the Employers, any facts certified to the Trustees by the Union or the Employers, any facts which are of public record and any other evidence pertinent to the issue involved.

**Section 6.2  Submission to Trustees.**  All questions or controversies, of whatsoever character, arising in any manner or between any parties or persons in connection with the Trust Fund or the operation thereof, whether as to any claim for any benefits preferred by any Participant, Beneficiary or any other person, or whether as to the construction of the language or meaning of the bylaws, rules and

regulations adopted by the Trustees or this instrument, or as to any writing, decision, instrument or accounts in connection with the operation of the Trust Fund or otherwise, shall be submitted to the Trustees or, in the case of questions related to claims for benefits, to the Eligibility Committee, if one has been appointed, and the decision of the Trustees or the Eligibility Committee shall be binding upon all persons dealing with the Trust Fund or claiming benefits thereunder.

**Section 6.3  Settling Disputes.**  The Trustees may in their sole discretion compromise or settle any claim or controversy in such manner as they think best, and any majority decision made by the Trustees in compromise or settlement of a claim or controversy, or any compromise or settlement agreement entered into by the Trustees, shall be conclusive and binding on all parties interested in this Trust.

## ARTICLE VII

### Beneficial Rights

**Section 7.1  No Right, Title or Interest of Employers, Union and Local Union.**  No Employer, Union or Local Union or Employees, or Participants and their Beneficiaries shall have any right, title or interest in or to the Trust Fund or any part thereof other than vesting under the Pension Plan. There shall be no pro rata or other distribution of any of the assets of the Trust Fund as a result of any Union or Local Union, Employer or Group of Employees or Employers or Participants and their Beneficiaries, ceasing their participation in this Trust Fund for any purpose or reason except as required by law.

**Section 7.2  Limitations upon Beneficial Rights of Employees.**  All the benefits shall be free from the interference and control of any creditor, and no benefits shall be subject to any assignment or other anticipation, nor to seizure or to sale under any legal, equitable or any other process, and in the event that any claim or benefit shall, because of any debt incurred by or resulting from any other claim or liability against any Employee, Participant or Beneficiary, by reason of any sale, assignment, transfer, encumbrance, anticipation or other disposition made or attempted by said Participant, Beneficiary or Employee, or by reason of any seizure or sale or attempted sale under any legal, equitable or other process, or in any suit or proceeding become payable, or be liable to become payable to any person other than the Participant or Beneficiary for whom the same is intended, as provided herein, pursuant hereto, the Trustees shall have power to withhold payment of such benefit to such Participant or Beneficiary until such assignment, transfer, encumbrance, anticipation or other disposition, writ or legal process is cancelled or withdrawn in such manner as shall be satisfactory to the Trustees. Until so cancelled or withdrawn, the Trustees shall have the right to use and apply the benefits as the Trustees may deem best, directly for the support and maintenance of such Participant or Beneficiary.

## ARTICLE VIII

### Termination of Trust

**Section 8.1  Conditions of Termination.**  This Trust Agreement shall cease and terminate upon the happening of any one or more of the following events:

(a)  in the event the Trust Fund shall, in the opinion of the Trustees, be inadequate to carry out the intent and purpose of this Trust Agreement, or be inadequate to meet the payments due or to become due under this Trust Agreement and under the plan of benefits to Participants and Beneficiaries already drawing benefits;

(b)  in the event there are no individuals living who can qualify as Employees hereunder;

(c)  in the event of termination by action of the Union and the Participating Employer:

(d)  in the event of termination as may be otherwise provided by law.

**Section 8.2  Procedures in Event of Termination.**

(a)  In the event of termination, the Trustees shall:

(1)  make provision out of the Trust Fund for the payment of any and all obligations of the Trust, including expenses incurred up to the date of termination of the Trust and the expenses incidental to such termination;

(2)  arrange for a final audit and report of their transactions and accounts, for the purpose of termination of their Trusteeship;

(3)  give any notice and prepare and file any reports which may be required by law;

(4)  distribute the remaining assets among participants and beneficiaries of the Plan in the following order:

(A)  First, in the case of the benefits payable as an annuity—

(i)  in the case of a benefit of a Participant or Beneficiary which was in pay status as of the beginning of the 3-year period ending on the termination date of the Plan, to each such benefit based on the provisions of the Plan (as in effect during the 5-year period ending on such date) under which such benefit would be the least;

(ii)  in the case of a Participant's or Beneficiary's benefit which would have been in pay status as of the beginning of the 3-year period ending on the termination date of the Plan if the Participant had retired prior to the beginning of the 3-year period and if his benefits had commenced (in the normal form of an annuity under the Plan) as of the beginning of such period, to each such benefit based on the provisions of the Plan (as in effect during the 5-year period ending on such date) under which such benefit would be the least.

For the purposes of Subparagraph (i), the lowest benefit in pay status during a 3-year period shall be considered the benefit in pay status for such period.

(B)  Second, to all other nonforfeitable benefits (other than benefits becoming nonforfeitable solely on account of termination of the Plan) subject to the limitation that such nonforfeitable benefits shall not have an actuarial value which exceeds the actuarial value of a monthly benefit in the form of a life annuity commencing at age 65, equal to the lesser of—

(i)  his average monthly gross income from his employer during the five (5) consecutive calendar year period during which his gross income from that employer was greater than during any other such period with that employer, or

(ii)  $750 multiplied by a fraction, the numerator of which is the contribution and benefit base (determined under Section 230 of the Social Security Act) in effect at the time the Plan terminates and the denominator of which is such contribution and benefit base in effect in calendar year 1974.

(C)  Third, to all other nonforfeitable benefits under the Plan.

(D)  Fourth, to all other benefits under the Plan.

## ARTICLE X

### Vesting of Rights

The Trustees shall establish standards for vesting of benefits which conform to no less than minimum standards required by law. No Participant, Beneficiary or Employee or other person shall have any vested interest or right in the Trust Fund except as provided by the Trustees in conformance with the law.

IN WITNESS WHEREOF, the Trustees have caused this Restated Agreement and Declaration of Trust as amended to be executed this 1st day of April, 1986.

| In Presence of: | Employer Trustees |
|---|---|
| (Signed) Robert C. Mayer | (Signed) John E. Cullerton |
| (Signed) Robert C. Mayer | (Signed) Richard E. Dennis |
| (Signed) Robert C. Mayer | (Signed) Hailey A. Roberts |

| In Presence of: | Employer Trustees |
|---|---|
| (Signed) Robert C. Mayer | (Signed) Robert Fox |
| (Signed) Robert C. Mayer | (Signed) Reece Hammond |
| (Signed) Robert C. Mayer | (Signed) Frank Hanley |
| (Signed) Robert C. Mayer | (Signed) Richard T. Wren |

## HISTORICAL RECORD

Initial signers or the Agreement and Declaration of Trust establishing the Central Pension Fund of the International Union of Operating Engineers and Participating Employers:

| Union Trustees | Employer Trustees |
|---|---|
| (Signed) S. A. Boston | (Signed) James F. Egan |
| (Signed) R. W. Tucker | (Signed) George Kall |
| (Signed) John Possehl | (Signed) Richard E. Dennis |

Dated: September 7, 1960.

### TRUSTEES PAST AND PRESENT

#### Past

| Section | From | To |
|---|---|---|
| S. A. Boston, IUOE | 9- 7-60 | 9-26-61 |
| Gilbert Bosworth, Bus. Mgr., Local 841 | 2-15-66 | 6-25-70 |
| Forrest Bugher, IUOE | 12- 7-62 | 3- 8-77 |
| Russell Conlon, IUOE | 3- 8-88 | 8-22-80 |
| James F. Egan, Ward Baking Co. | 9- 7-60 | 9-26-62 |
| Earl Erwin, IUOE | 1-27-82 | 6-27-86 |
| Robert Fox, Bus. Mgr., Local 501 | 5-20-65 | 10- 2-72 |
| Lawrence J. Gough, Bus. Mgr., Local 49 | 2-14-67 | 10-29-68 |
| Richard A. Gump, Pipeline Contractors Assoc. | 12- 7-62 | 10- 8-65 |
| Frank Hanley, IUOE | 3-28-78 | 1-27-82 |
| George Kall, Beatrice Foods Co. | 9- 7-60 | 10-15-75 |
| David J. Martin, G.C.A., N.Y. | 9-26-61 | 7-22-64 |
| A. W. McIntyre, S. Birch, Inc. | 6-14-66 | 10-29-80 |
| J. A. McMahon, Bus., Mgr., Local 450 | 11-10-70 | 12-30-77 |
| Louis Moses, Meat Packers Inc. | 9-26-61 | 5-21-65 |
| John Possehl, Pres., Local 18 | 9- 7-60 | 5-19-65 |
| R. W. Tucker, Bus. Mgr., Local 501 | 9- 7-60 | 5-19-65 |
| Richard Wren, IUOE | 10- 2-72 | 7- 1-84 |

#### Present

| | From |
|---|---|
| Noel Borck, National Erectors Association | 6- 1-86 |
| John Cullerton, Hilton Hotel Corp. | 4-21-76 |
| Richard Dennis, Dennis Trucking Co. | 9- 7-60 |
| Fred Dereschuk, Local 49 | 12- 2-86 |
| Larry Dugan, IUOE | 7- 1-84 |
| Robert Fox, Bus. Mgr., Local 501 | 8-26-80 |
| Richard Griffen, IUOE | 6- 1-86 |
| Reese Hammond, IUOE | 9-26-61 |
| Robert McCormick, National Constructors Association | 1- 4-82 |
| Hailey Roberts, Pipeline Contractors Assoc. | 2-15-66 |

10

# INDEX

Title                                                                   Page(s)

ARTICLE I—DEFINITIONS ........................... 1

Section—
1.1    Employer .................................. 1
1.2    Local Union or Union ...................... 1
1.3    Employee ................................. 1
1.4    Participant ............................... 1
1.5    Beneficiary ............................... 1
1.6    Trustees .................................. 2
1.7    Trust Fund ................................ 2
1.8    Trust Agreement ........................... 2
1.9    Association ............................... 2
1.10   Act ...................................... 2
1.11   Pension Plan .............................. 2
1.12   Reciprocity Agreement ..................... 2

ARTICLE II—CREATION AND PURPOSES OF FUND .. 2

Section—
2.1    ......................................... 2

ARTICLE III—BOARD OF TRUSTEES ................. 2

Section—
3.1    Number, Appointment, Term .................. 2
3.2    Resignation and Removal .................... 2
3.3    Successor Trustees, Appointment ............. 2
3.4    Successor Trustee, Assumption of Office ....... 2
3.5    Acceptance of the Trust by Trustees ........... 2
3.6    Limitation of Liability of Trustees ............. 2
3.7    Office of the Fund .......................... 3
3.8    Officers .................................. 3
3.9    Power to Act in Case of Vacancy ............. 3
3.10   Meetings; Notices .......................... 3
3.11   Attendance at Meetings; Minutes ............. 3
3.12   Quorum; Voting; Action without Meeting ...... 3
3.13   Manner of Acting in the Event of Deadlock ...... 3
3.14   Removal of Trustee (Violation of Act) .......... 3

ARTICLE IV—CONTRIBUTIONS AND COLLECTIONS . 3

Section—
4.1    Employer Contributions ..................... 3
4.2    Receipt of Payment and Other Property of Trust . 4
4.3    Collection and Enforcement of Payments ........ 4
4.4    Production of Records ...................... 4
4.5    Collection Costs ........................... 4
4.6    Effect of Non-Payment ...................... 4

ARTICLE V—POWERS AND DUTIES OF TRUSTEES .. 4

Section—
5.1    Conduct of Trust Business .................. 4
5.2    Use of Fund for Expenses ................... 4
5.3    Use of Fund to Provide Benefits .............. 5
5.4    Investments ............................... 5
5.5    Deposits and Disbursements ................. 5
5.6    Allocation and Delegation of Fiduciary
       Responsibilities ......................... 5
5.7    Committees of the Board of Trustees .......... 5
5.8    Administrative Manager ..................... 6
5.9    Administrative Rules and Regulations .......... 6
5.10   Additional Authority ....................... 6
5.11   Bonds .................................... 6

5.12   Insurance ................................. 6
5.13   Information to Participants and Beneficiaries .... 7
5.14   Accountants and Actuaries ................... 7
5.15   Trustees to Act without Compensation ......... 7
5.16   Reports ................................... 7
5.17   Records of Trustee Transactions .............. 7
5.18   Construction and Determination by Trustees .... 7
5.19   Liability .................................. 7
5.20   Reliance on Written Instruments .............. 7
5.21   Reliance by Others ......................... 7
5.22   Discharge of Liability ...................... 7
5.23   Establishment of Plan ...................... 7
5.24   Amendment of Plan ......................... 7

ARTICLE V—CONTROVERSIES AND DISPUTES ...... 7

Section—
6.1    Reliance on Records ........................ 7
6.2    Submission to Trustees ..................... 7
6.3    Settling Disputes .......................... 8

ARTICLE VII—BENEFICIAL RIGHTS ................ 8

Section—
7.1    No Right, Title or Interest of Employers, Union
       and Local Union ......................... 8
7.2    Limitations upon Beneficial Rights of Employees . 8

ARTICLE VIII—TERMINATION OF TRUST ........... 8

Section—
8.1    Conditions of Termination ................... 8
8.2    Procedures in Event of Termination ............ 8

ARTICLE IX—MISCELLANEOUS ..................... 9

Section—
9.1    Law Applicable ............................ 9
9.2    Savings Clause ............................ 9
9.3    Other Employers and their Employees may Join
       the Plan ................................ 9
9.4    Reciprocity Agreements and Agreements with
       Other Trustees ........................... 9
9.5    Merger ................................... 9
9.6    Refund of Contributions .................... 9
9.7    Accounting and Judicial Settlements .......... 9
9.8    Withholding Payment ....................... 9
9.9    Gender ................................... 9
9.10   Amendment of Trust Agreement .............. 9
9.11   Article and Section Titles ................... 9
9.12   Conveyance of Assets ...................... 9

ARTICLE X—VESTING OF RIGHTS .................. 10

SIGNATURES—EMPLOYER, EMPLOYEE TRUSTEES
       AND WITNESSES .................... 10

HISTORICAL RECORD ................................ 10

TRUSTEES PAST AND PRESENT ..................... 10

11