UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL UNION OF  )<br>OPERATING ENGINEERS LOCAL 98 )<br>ANNUITY FUND, PENSION FUND, )<br>HEALTH AND WELFARE FUND and )<br>JOINT TRAINING, RETRAINING, SKILL)<br>IMPROVEMENT, SAFETY )<br>EDUCATION, APPRENTICESHIP AND )<br>TRAINING FUND by William Sullivan )<br>and David Cardimino, as Trusttes; )<br>CENTRAL PENSION FUND OF THE )<br>INTERNATIONAL UNION OF )<br>OPERATING ENGINEERS AND  )<br>PARTICIPATING EMPLOYERS, by )<br>Michael R. Fanning, as Chief Executive )<br>Officer, and INTERNATIONAL UNION )<br>OF OPERATING ENGINEERS LOCAL )<br>98, ALF-CIO, by David Cardimino, as )<br>Business Manager, )<br>                Plaintiffs )<br> )<br> )<br>          v.   )<br> )<br> )<br>NITA, INC., )<br>                Defendant ) | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Civil Action No. 04-30212-MAP |

REPORT AND RECOMMENDATION WITH REGARD TO PLAINTIFFS'
MOTION FOR ENTRY OF DEFAULT JUDGMENT (Docket No. 10)
November 29, 2005

NEIMAN, U.S.M.J.

    This action has been referred to this court by District Court Judge Michael A. Ponsor for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) regarding a motion for the entry of a default judgment brought by the International Union of Operating Engineers, Local 98 Annuity Fund, Pension Fund, Health and

Welfare Fund, *et al.* ("Plaintiffs"). Nita, Inc. ("Defendant") has not filed an appearance or otherwise responded to the complaint. An evidentiary hearing on Plaintiffs' motion for default judgment was held on November 8, 2005. For the reasons described below, the court will recommend that a default judgment enter in Plaintiffs' favor in the amount of $28,912.72 and that certain injunctive relief be awarded as well.

I. BACKGROUND

The complaint filed by Plaintiffs on November 1, 2004, has three counts. Count I alleges that Defendant failed to abide by the terms of a collective bargaining agreement, which required it to make contributions to a multi-employer pension plan, in violation of section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145. Count II seeks an audit of Defendant's books and records relative to the contributions which Defendant was required to make. And Count III seeks an injunction requiring Defendant to comply with its contractual obligations.

On September 28, 2005, Plaintiffs, having obtained a default against Defendant, filed the instant motion for default judgment, accompanied by a memorandum of law. On October 20, 2005, the court scheduled a hearing on the motion, stating the following:

> Based on the well-pleaded allegations of the complaint, the court intends to recommend a finding of liability. Nevertheless, Plaintiffs will be expected at the hearing to present evidence, including testimony if necessary, establishing the damages sought. *See Eisler v. Stritzler*, 535 F.2d 148, 153-54 (1st Cir. 1976).

The hearing was held as scheduled on November 8, 2005, at which time the court

2

heard testimony from Barbara Lane, Administrator of Plaintiffs' various trust funds.

## II.  FINDINGS OF FACT

From the information presented in the file and at the evidentiary hearing, the court makes the following findings of fact.  Defendant is party to a collective bargaining agreement ("CBA") with the International Union of Operating Engineers Local 98, AFL-CIO ("Union").  Pursuant thereto, Defendant is required to pay stipulated amounts to multi-employer plans for each hour worked by each of its employees.  Defendant is also required to deduct stipulated dues and "Social Action Fund" monies from each of its employee's wages and to pay those amount to the Union.

If Defendant fails to remit, as required, it is liable for payment of the following: (1) interest on the unpaid and untimely paid Annuity Fund, Pension Fund, Health and Welfare Fund, and Training Fund contributions, calculated at the rate of one and one half percent (1-1/2%) per month; (2) the greater of interest on the unpaid and untimely paid Annuity Fund, Pension Fund, Health and Welfare Fund and Training Fund contributions, or liquidated damages equal to twenty percent (20%) of those delinquent contributions; (3) interest on the unpaid and untimely paid union contributions, calculated at the rate of one and one-half percent (1-1/2%) per month; (4) the greater of interest on the unpaid and untimely paid union contributions, or liquidated damages equal to twenty (20%) of those delinquent contributions; (5) interest on the unpaid and untimely paid Central Pension Fund contributions, calculated at the rate of fifteen percent (15%) of those delinquent contributions; (6) the greater of interest on the

unpaid and untimely paid Central Pension Fund contributions, or liquidated damages equal to fifteen percent (15%) of those delinquent contributions; (7) interest on the unpaid Union dues deductions and the Social Action Fund monies, calculated at the rate of nine percent (9%) per annum; and (8) costs and fees of collection and attorneys' and paralegal fees.[1]

By executing the CBA, Defendant also agreed to abide by the rules and regulations of the Funds' Board of Trustees and bound itself to the terms and conditions of the Agreements and Declarations of Trust and the Collections Policy incorporated therein. In particular, Defendant is liable for all attorneys' fees, auditing fees, and costs incurred by the Funds. In addition, Defendant is obligated to permit the Funds, on demand, to check, examine and audit its books, records, papers and reports as may be necessary to permit the Funds to determine whether the defendant made full payment to the Funds in the required amount, including, but not limited to, its payroll records, time cards, accounts payable records, general ledger, cash disbursements journal, hours report, and any other records relating to hours worked by all employees,

---

[1] The interest, liquidated damages, attorneys' fees and costs, including paralegal fees are calculated in accordance with the CBA, 29 U.S.C. § 1132(g)(2), the Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Annuity Fund, the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Pension Fund, the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Health and Welfare Fund, the Restated Agreement and Declaration of Trust of the Joint Training, Retraining, Skill Improvement, Safety Education, Apprenticeship and Training Fund of the International Union of Operating Engineers Local 98 and Employers Cooperative Trust, the Restated Agreement and Declaration of Trust of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the International Union of Operating Engineers Local 98 Pension, Annuity, Health and Welfare and Training Funds' Collections Policy.

including Union, non-Union, bargaining unit and non-bargaining unit employees, of Defendant. Defendant is also contractually liable to pay the cost and expenses of the audit, all auditing fees, and any and all attorneys' and paralegal fees and costs incurred by the Funds in obtaining the audit. Finally, in accord with the CBA, the Agreements, the Declarations of Trust and 29 U.S.C. § 1132(g)(2), Defendant is also liable for all attorneys' fees and costs incurred in collecting the debt.

### III. DISCUSSION

The court will recommend that Defendant be held liable to Plaintiffs for violations of the CBA and 29 U.S.C. § 1145. More specifically, the court will recommend, with regard to Count I of Plaintiffs' complaint, that a default judgment enter in the amount of $ 28,912.72. As the court noted in its scheduling order of October 20, 2005, Plaintiffs are entitled to seek a default judgment for a "sum certain" pursuant to Fed. R. Civ. P. 55(b)(1). There is no question but that the requested amount is such a sum.[2]

In seeking a default judgment, however, Plaintiffs have also relied on Fed. R. Civ. P. 55(b)(2) to the extent they seek equitable relief in both Counts II and III. Having considered the evidence presented, the court will recommend that such equitable relief be granted as well. As described, the CBA requires monthly reporting and allows for

---

[2] The amount is composed of the following:

| | |
|---|---:|
| Unmade Contributions and Deductions | $ 13,265.75 |
| Interest | 5,598.05 |
| Liquidated Damages | 5,520.00 |
| Attorneys' Fees and Costs | 4,280.17 |
| Audit Fee | 148.75 |
| Total | $ 28,912.72 |

field audits of contributing employees to ensure that all hours of employee participants are properly accounted for. Defendant has failed to provide these reports for significant periods of time and have failed to respond to Plaintiffs' requests for audit. The injunctive relief sought, therefore, is fully justified.

IV.  CONCLUSION

For the reasons stated, the court recommends that a default judgment enter in Plaintiffs' favor for $28,912.72 as well as the following equitable relief:

1. that Defendant be required to produce its books and records for the period January 2002 to the date of judgment for Plaintiffs' review and audit, to pay the cost and expense of such audit, to pay all attorneys' and paralegal fees and costs incurred in obtaining that audit; and

2. that Defendant be liable for any and all contributions and deductions that are determined to be due as a result of the audit, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys' and paralegal fees.[3]

DATED: November 29, 2005

---

[3] The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

        /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge