UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 98 ANNUITY FUND, PENSION FUND, HEALTH AND WELFARE FUND, ET AL., <br> Plaintiffs <br><br> v. <br><br> NITA, INC., <br> Defendants | C.A. NO. 04-30212-MAP |



## PLAINTIFF'S MOTION FOR CONTEMPT AGAINST THE DEFENDANT, NITA, INC.

NOW COMES the Plaintiff in the above-captioned matter, International Union of Operating Engineers, Local 98 Annuity Fund, Pension Fund, Health and Welfare Fund, et al. (hereinafter the "Plaintiff"), and herewith requests that this Court find the Defendant Nita, Inc. (hereinafter the "Defendant") in contempt of the Memorandum and Order Regarding Report and Recommendation with Regard to Plaintiffs' Motion for Entry of Default Judgment (hereinafter the "Order"). As grounds in support hereof, the Plaintiff states as follows.

1. On or about January 4, 2006, Judge Ponsor entered the Order. Pursuant to the terms of the Order, this Court retained equitable jurisdiction of this matter for a period of twelve (12) months to enforce the terms of the Order.

2. Pursuant to the terms of the Order, the Defendant was ordered to: (a) produce its books and records for the period January 2002 to the date of judgment for Plaintiffs' review and audit, to pay the cost and expense of such audit, to pay all attorneys' and paralegals fees and costs incurred in obtaining that audit; and (b) that Defendant be liable for any and all contributions and deductions that are determined to be due as a result of the audit, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys'



and paralegal fees.

3. In August 2006, the office of the undersigned attempted to contact the Defendant via telephone in order to discuss the Order. Said telephone call was not returned.

4. Thereafter, on or about August 9, 2006, counsel for the Plaintiff sent a letter to the Defendant, via first class mail, postage prepaid, again requesting that Defendant contact counsel in order to discuss a mutually agreeable time to schedule the audit. See Exhibit "A" affixed hereto.

5. Said letter was returned to counsel via the United States Post Office as "attempted, not known". See copy of the return from the United States Post Office affixed hereto as Exhibit "B".

6. Thereafter, counsel researched the Defendant's corporate records filed with the Secretary of the Commonwealth of Massachusetts and verified that the Defendant had not changed its corporate address. See Exhibit "C" affixed hereto.

7. Thereafter, counsel sent another letter to the Defendant, via Federal Express, requesting that the Defendant contact counsel in order to discuss a mutually agreeable time to schedule the audit. See Exhibit "D" affixed hereto. A copy of the Federal Express tracking destination form evidencing receipt is affixed hereto as Exhibit "E".

8. To date, the Defendant has not responded to the above attempts to schedule a mutually convenient time for the audit.

9. The Defendant's refusal to comply with the requested audit has placed it in violation of the Order and, therefore, the Defendant is in contempt of the Order.

**WHEREFORE**, the Plaintiff requests that the Defendant be found in Contempt of the Memorandum and Order Regarding Report and Recommendation with Regard to Plaintiffs' Motion for Entry of Default Judgment entered by Judge Ponsor on January 4, 2006.

|  |  |
|---|---|
| Dated: December 8, 2006 | The Plaintiff, INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 98 ANNUITY FUND, PENSION FUND, HEALTH AND WELFARE FUND, ET AL<br>By its Attorneys<br><br>/s/ Gary M. Weiner<br>Gary M. Weiner, Esq. BBO# 548341<br>Timothy M. Netkovick, Esq. BBO# 654353<br>WEINER LAW FIRM, P.C.<br>95 State Street, Suite 918<br>Springfield, MA 01103<br>Tel. No. (413) 732-6840<br>Fax. No. (413) 785-5666 |