UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL UNION OF )<br>OPERATING ENGINEERS LOCAL 98 )<br>ANNUITY FUND, PENSION FUND, )<br>HEALTH AND WELFARE FUND and )<br>JOINT TRAINING, RETRAINING, SKILL)<br>IMPROVEMENT, SAFETY )<br>EDUCATION, APPRENTICESHIP AND )<br>TRAINING FUND by William Sullivan )<br>and David Cardimino, as Trustees; )<br>CENTRAL PENSION FUND OF THE )<br>INTERNATIONAL UNION OF )<br>OPERATING ENGINEERS AND )<br>PARTICIPATING EMPLOYERS, by )<br>Michael R. Fanning, as Chief Executive )<br>Officer, and INTERNATIONAL UNION )<br>OF OPERATING ENGINEERS LOCAL )<br>98, ALF-CIO, by David Cardimino, as )<br>Business Manager, )<br>                    Plaintiffs )<br>                    )<br>                    )<br>            v.        )<br>                    )<br>                    )<br>NITA, INC., )<br>                  Defendant ) | Civil Action No. 04-30212-MAP |

<u>REPORT AND RECOMMENDATION WITH REGARD TO PLAINTIFFS'
AMENDED MOTION FOR CONTEMPT (Document No. 22)</u>
January 5, 2007

NEIMAN, C.M.J.

      This action has been referred to this court by District Judge Michael A. Ponsor for

a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) regarding a motion

for contempt brought by the International Union of Operating Engineers, Local 98

Annuity Fund, Pension Fund, Health and Welfare Fund, *et al.* ("Plaintiffs"). Nita, Inc. ("Defendant"), although served with the original complaint (see Document No. 2), has not filed an appearance or otherwise responded to the complaint, let alone to the instant motion for contempt.

On December 13, 2006, Judge Ponsor allowed so much of Plaintiffs' motion for contempt as requested an extension of the court's jurisdiction to June 30, 2007. For the reasons described below, the court will recommend that the remaining part of Plaintiffs' motion be allowed as well.

## I. BACKGROUND

The background of this matter is set forth in the court's November 29, 2005 report and recommendation with regard to Plaintiffs' motion for entry of default judgment (Document No. 15), which was adopted by Judge Ponsor on January 4, 2006 (Document No. 16). Suffice it to say for present purposes that Judge Ponsor entered a default judgment against Defendant in the amount of $28,912.72 and granted the following relief as well:

1. that Defendant be required to produce its books and records for the period January 2002 to the date of judgment for Plaintiffs' review and audit, to pay the cost and expense of such audit, to pay all attorneys' and paralegal fees and costs incurred in obtaining that audit; and

2. that Defendant be liable for any and all contributions and deductions that are determined to be due as a result of the audit, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys' and paralegal fees.

## II. DISCUSSION

As the First Circuit recently directed, "[c]ivil contempt may be imposed to compel

compliance with a court order or to compensate a party harmed by non-compliance." *United States v. Saccoccia*, 433 F.3d 19, 27 (1st Cir. 2005) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)).  The First Circuit went on to explain that the proof offered by a party seeking contempt must establish "(1) that the alleged contemnor had notice that he was within the order's ambit; (2) that the order was clear and unambiguous; (3) that the alleged contemnor had the ability to comply; and (4) that the order was indeed violated."  *Id.* (citations and internal quotation marks omitted).

      Here, the court is satisfied with respect to the first prong of proof, *i.e.*, that Defendant has received notice; Defendant, it appears, was properly served with the complaint, as well as the motion itself.  Similarly, the second and fourth prongs of proof are self-evident; the court's orders were clear and unambiguous and Defendant has totally disregarded those orders.  Indeed, Defendant has not returned telephone messages left by Plaintiffs' counsel and has not responded to correspondence sent to Defendant's corporate offices at an address verified by the Secretary of the Commonwealth.  The court can also fairly assume the third prong of proof, namely, that Defendant has the ability to comply with the court's orders; it would be anomalous indeed to put Plaintiff to any further burden in this regard when Defendant simply ignores inquiries sent its way.

      To be sure, the court is not particularly sanguine about Plaintiffs' ability to further track down Defendant; perhaps, Plaintiffs will have to hire an investigator, the costs of which the court is prepared to order be paid by Defendant.  Nonetheless, the court has little choice but to recommend that Plaintiffs' motion for contempt be allowed in the two ways Plaintiffs seek.

III. CONCLUSION

For the reasons stated, the court recommends that Plaintiffs' motion for contempt be ALLOWED and that:

1. Defendant be ordered to comply with the previous orders of this court, as described above; and

2. Defendant be ordered to pay Plaintiffs' additional costs and attorney's fees associated with their motion.[1]


DATED: January 5, 2007

    /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge

---

[1] The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.