UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 98 ANNUITY FUND, PENSION FUND, HEALTH AND WELFARE FUND, ET AL.,<br>　　　　　　　　Plaintiffs<br><br>v.<br><br>NITA, INC.,<br>　　　　　　　　Defendants | C.A. NO. 04-30212-MAP |

**PLAINTIFF'S MOTION FOR COURT TO EXTEND
THE TIME OF ITS JURISDICTION AGAINST
THE DEFENDANT, NITA, INC.**

　　　　NOW COMES the Plaintiff in the above-captioned matter, International Union of Operating Engineers, Local 98 Annuity Fund, Pension Fund, Health and Welfare Fund, et al. (hereinafter the "Plaintiff"), and herewith requests that this Court Extend the time of its jurisdiction over this matter through September 30, 2007.  As grounds in support hereof, plaintiff states:

1.　　　　On or about January 4, 2006, Judge Ponsor entered the Order.  Pursuant to the terms of the Order, this Court retained equitable jurisdiction of this matter for a period of twelve (12) months to enforce the terms of the Order.

2.　　　　Pursuant to the terms of the Order, the Defendant was ordered to:  (a) produce its books and records for the period January 2002 to the date of judgment for Plaintiffs' review and audit, to pay the cost and expense of such audit, to pay all attorneys' and paralegals fees and costs incurred in obtaining that audit; and (b) that Defendant be liable for any and all contributions and deductions that are determined to be due as a result of the audit, plus the applicable interest thereon, liquidated damages, costs and expenses of  collection, audit fees and attorneys' and paralegal fees.

3. In August 2006, the office of the undersigned attempted to contact the Defendant via telephone in order to discuss the Order. Said telephone call was not returned.

4. Thereafter, on or about August 9, 2006, counsel for the Plaintiff sent a letter to the Defendant, via first class mail, postage prepaid, again requesting that Defendant contact counsel in order to discuss a mutually agreeable time to schedule the audit. See Exhibit "A" affixed hereto.

5. Said letter was returned to counsel via the United States Post Office as "attempted, not known". See copy of the return from the United States Post Office affixed hereto as Exhibit "B".

6. Thereafter, counsel researched the Defendant's corporate records filed with the Secretary of the Commonwealth of Massachusetts and verified that the Defendant had not changed its corporate address. See Exhibit "C" affixed hereto.

7. Thereafter, counsel sent another letter to the Defendant, via Federal Express, requesting that the Defendant contact counsel in order to discuss a mutually agreeable time to schedule the audit. See Exhibit "D" affixed hereto. A copy of the Federal Express tracking destination form evidencing receipt is affixed hereto as Exhibit "E".

8. To date, the Defendant has not responded to the above attempts to schedule a mutually convenient time for the audit.

9. On or about February 2, 2007, this Court (*Ponsor, J.*) allowed the plaintiff's Amended Motion for Contempt and, *inter alia*, extended this Court's jurisdiction over this matter to June 30, 2007.

10. Thereafter Plaintiff prepared a Rule 69 document Subpoena and forwarded same to the Hampden County Sheriff's office to effectuate service. However, plaintiff's counsel was informed by the Hampden County Sheriff's Office that it

        did not appear that the defendant corporation was operating at the East Longmeadow, Massachusetts address listed with the Secretary of the Commonwealth of Massachusetts.

11. Plaintiff has conducted a search and believes it has located the President of the defendant corporation, Bernard Moultrie in Quincy, Massachusetts.

12. Plaintiff is therefore requesting that this Court extend its jurisdiction over this matter to September 30, 2007 in order to allow service of the Rule 69 document Subpoena upon Mr. Moultrie.

        **WHEREFORE**, the Plaintiff requests that this Court extend jurisdiction to September 30, 2007 Order Regarding Report and Recommendation with Regard to Judge Ponsor on January 4, 2006.

Dated:

The Plaintiff, INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 98 ANNUITY FUND, PENSION FUND, HEALTH AND WELFARE FUND, ET AL
By its Attorneys

   /s/ Timothy M. Netkovick
Gary M. Weiner, Esq. BBO# 548341
Timothy M. Netkovick, Esq. BBO# 654353
WEINER LAW FIRM, P.C.
95 State Street, Suite 918
Springfield, MA 01103
Tel. No. (413) 732-6840
Fax. No. (413) 785-5666